1998-NMCA-049

956 P.2d 854

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert PETERSON, Defendant–
Appellant.**

No. 17788.

Court of Appeals of New Mexico.

March 3, 1998.

Tom Udall, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellee.

Monica D. Muñoz, Albuquerque, for Appellant.

**56**

*OPINION*

BOSSON, Judge.

{1} Defendant appeals his conviction of aggravated battery with a deadly weapon. Defendant argues that he was denied a fair trial because (1) the trial court failed to instruct the jury on the essential element of unlawfulness once Defendant had raised the defense of citizen's arrest, and because (2) the court improperly denied Defendant's instruction on citizen's arrest as a defense to the prosecution's allegation of unlawfulness. We reverse and remand for a new trial.

*BACKGROUND*

{2} Defendant was at an Albuquerque bar with another man, Griffin, on the night of November 3 or 4, 1993. Both Defendant and Griffin occasionally worked as bouncers at the bar. Defendant was not working that night and arrived at the bar after his martial arts class. While the men were at the bar, the female bartender asked them to "watch her back," as she told two customers, Pauley (the victim) and Hernon, that she would not serve them more alcohol if they continued to be disruptive. Because Hernon and Pauley continued to cause problems, Griffin asked the two men to leave the bar and escorted them to the door. Defendant went outside a short time later when he heard tires screeching. Defendant, Griffin, and a woman who was in the parking lot at the time, all testified that they saw Pauley point a gun at Defendant and Griffin before driving away.

{3} When Defendant and Griffin left the bar less than two hours later, they noticed Pauley's car in the parking lot of a nearby 7–11 store. Defendant and Griffin testified that they decided to go to the 7–11 because they wanted Pauley arrested for his earlier assault. Defendant told the store clerk at the 7–11 to call the police because there was a man with a gun in the store. Defendant found Pauley in the store's game room. Defendant testified that he told Pauley not to move, that the police had been called, and that they were going to wait for the police to arrive. Defendant testified that Pauley then reached behind his back. Believing Pauley to be armed, Defendant struck Pauley with his martial arts sticks. When Pauley kicked out at Defendant and attempted to strike him, Defendant struck Pauley again. Defendant struck Pauley three to five times with his martial arts sticks.

{4} The State prosecuted Defendant for aggravated battery with a deadly weapon or, in the alternative, aggravated battery inflicting great bodily harm. Following the presentation of evidence, defense counsel requested an instruction on self-defense that included language stating that Defendant was attempting to make a citizen's arrest and that he had used reasonable force under the circumstances. Defense counsel also requested an instruction on mistake of fact, so that if Defendant had reasonably believed Pauley to be armed, Defendant's use of force would have been reasonable. During a discussion with the trial judge, defense counsel clarified his theory of the defense. Defendant's actions were lawful, counsel maintained, because he was making a citizen's arrest based on his belief that Pauley had previously assaulted him with a gun and that Pauley was still armed while in the store. However, the judge eliminated the language on citizen's arrest and instead gave an instruction on self-defense alone. The court refused the instruction on mistake of fact. The court gave the standard uniform jury instruction for aggravated battery with a deadly weapon that did not include an element of unlawfulness. This instruction read as follows:

For you to find the defendant guilty of aggravated battery with a deadly weapon as charged in Count 1, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant struck Jim Pauley on the head with a set of martial arts sticks, an instrument or object which, when used as a weapon, could cause death or very serious injury;

2. The defendant intended to injure Jim Pauley;

3. This happened in New Mexico on or about the 4th day of November, 1993.

*DISCUSSION*

{5} Defendant's main argument on appeal is that despite his offer of admittedly defective instructions, the trial court was under an affirmative duty to instruct on the essential elements of the offense of aggravated battery with a deadly weapon, which had to include the element of unlawfulness. Defendant also argues that because he introduced evidence to support his defense of citizen's arrest, the trial judge erred by not instructing on that defense. The State argues that Defendant failed to preserve these issues. The State notes that Defendant did not offer a legally correct instruction on citizen's arrest. In addition, the State argues that any deficiencies in the instruction are inconsequential and did not cause fundamental error.

## A. Failure to Instruct on the Essential Element of Unlawfulness

{6} Notwithstanding Defendant's failure to object to the incomplete elements instruction and his failure to tender a legally correct instruction on citizen's arrest, this Court may still address the claimed error in the jury instructions under both the rules of criminal procedure and the doctrine of fundamental error.

{7} First, the rules of criminal procedure specifically exempt from normal preservation requirements, errors involving the essential elements of an offense, such that neither an objection nor a correct written instruction is required. *See* Rule 5–608(A) & (D) NMRA 1998; *see also State v. Osborne*, 111 N.M. 654, 662, 808 P.2d 624, 632 (1991) (stating it is irrelevant for purposes of appeal that the defendant was partially responsible for jury instruction error because he failed to object to an inadequate instruction); *State v. Acosta*, 1997–NMCA–035, ¶ 7, 123 N.M. 273, 939 P.2d 1081 (stating use of jury instruction that omits an essential element of the offense can be grounds for reversal even when omission caused by the defendant's own actions), *cert. quashed*, 124 N.M. 312, 950 P.2d 285 (1997). In a case remarkably similar to the one at bar, this Court recently held:

> under our rules of criminal procedure and the doctrine of fundamental error, the use

of a jury instruction that omits an essential element of the offense can be grounds for reversal even when the omission was caused by the defendant's own actions. The rationale behind this ruling is that "it is the duty of the court, not the defendant, to instruct the jury on the essential elements of a crime."

*Acosta*, 1997–NMCA–035, ¶ 7, 123 N.M. 273, 939 P.2d 1081 (quoting *Osborne*, 111 N.M. at 662, 808 P.2d at 632) (citations omitted).

{8} In the current case, Defendant and others testified that he had used force in attempting to effect a citizen's arrest because he believed the victim was carrying a gun and had threatened him with it. Thus, Defendant put at issue whether battery under these circumstances was "unlawful," or whether battery was justified under these circumstances to cause a proper citizen's arrest. The State had the burden of proving unlawfulness as an essential element of the crime charged. Under these circumstances, Rule 5–608(A) required an instruction on unlawfulness, regardless of whether Defendant objected to the incomplete instruction or tendered a correct written instruction on citizen's arrest.

{9} Second, failure to instruct a jury on the essential elements of an offense constitutes fundamental error, which may be raised for the first time on appeal. *See* Rule 12–216(B)(2) NMRA 1998; *see also Osborne*, 111 N.M. at 656, 808 P.2d at 626 (court's failure to instruct on unlawfulness in case charging criminal sexual contact of a minor amounted to fundamental error because there would be no way to determine whether the conviction was based on lawful or unlawful activity).

{10} Two exceptions exist to the rule requiring the trial court to instruct the jury on the essential element of unlawfulness. First, the court is not required to instruct on unlawfulness if the instruction contains language "that is obviously synonymous with the element of unlawfulness, such as where the instruction uses the words, 'did not act in defense of himself or others,' in place of the words 'acted unlawfully.'" *Acosta*, 1997–NMCA–035, ¶ 19, 123 N.M. 273, 939 P.2d

**58**

1081. Second, when there is no evidence of lawful behavior, and hence the " 'element omitted from the instructions was not factually in issue[,]' " *id.* (quoting *State v. Orosco,* 113 N.M. 780, 783, 833 P.2d 1146, 1149 (1992), *aff'd in part sub nom. State v. Trevino,* 116 N.M. 528, 865 P.2d 1172 (1993)), the court is not required to instruct on unlawfulness.

■ {11} Neither of these exceptions applies to Defendant's case. There was testimony in the record which would support the view that Defendant was attempting a citizen's arrest. Defendant was entitled to have unlawfulness, or its equivalent, included in the elements instruction. We are unpersuaded by the State's argument that the self-defense instruction, as given, supplied the missing unlawfulness element. The State's argument is based on the well-established principle that jury instructions should not be considered individually, but must be viewed as a whole. *See State v. Parish,* 118 N.M. 39, 41, 878 P.2d 988, 990 (1994). However, the elements for an instruction on self-defense are not identical to those for an instruction on citizen's arrest. Self-defense requires subjective fear; citizen's arrest does not. *Compare* UJI 14–5181 NMRA 1998 (defendant was in fact put in fear of immediate bodily harm) *with State v. Johnson,* 1996–NMSC–075, ¶ 18, 122 N.M. 696, 930 P.2d 1148 (containing no such requirement). Defendant's theory of lawfulness was his effort at a citizen's arrest, and that was the instruction to which he was entitled. Additionally, *Johnson* states that under *Parish,* 118 N.M. at 44–45, 878 P.2d at 993–94, "once a defendant introduces some evidence of lawfulness, the court is under a duty to instruct on the state's burden to prove unlawfulness beyond a reasonable doubt." *Johnson,* 1996–NMSC–075, ¶ 19, 122 N.M. 696, 930 P.2d 1148. We hold, therefore, that the trial court's failure to instruct on the essential element of unlawfulness was fundamental error, and accordingly the judgment must be reversed and the case remanded for a new trial. *See Osborne,* 111 N.M. at 656, 808 P.2d at 626.

**B. Failure to Instruct on Citizen's Arrest**

■ {12} Because we reverse and remand on the issue of the trial court's failure to instruct on the essential element of unlawfulness, we do not reach the issue of whether the trial judge had a duty to formulate an instruction on Defendant's theory of citizen's arrest. In *Johnson,* however, the Supreme Court determined that the trial court had a duty "to correctly instruct the jury on the essential elements of Johnson's defense" of citizen's arrest and set forth the elements of that defense. 1996–NMSC–075, ¶ 21, 122 N.M. 696, 930 P.2d 1148. On remand, therefore, the jury should be instructed that to find that Defendant was making a citizen's arrest,

> defendant must produce evidence showing facts and circumstances within the defendant's personal knowledge (1) that would induce an objectively-reasonable person to believe (2) that a felony had been or was being committed (or a breach of the peace was being committed in his presence); (3) that the defendant acted in good faith based upon that belief and, if raised, (4) that the defendant acted with reasonable force under the circumstances.

*Johnson,* 1996–NMSC–075, ¶ 18, 122 N.M. 696, 930 P.2d 1148.

*CONCLUSION*

{13} For the foregoing reasons we reverse and remand for a new trial consistent with this opinion.

{14} **IT IS SO ORDERED.**

APODACA and FLORES, JJ., concur.