1999-NMCA-087

985 P.2d 764

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Simon ARMIJO, Defendant–Appellant.**

**No. 19341.**

Court of Appeals of New Mexico.

June 15, 1999.

aggravated assault; (2) whether Defendant is entitled to be discharged from the aggravated assault charge; and (3) whether the district court committed fundamental error by failing to instruct the jury that the alleged acts of aggravated assault and aggravated battery must be unlawful. We reverse Defendant's conviction for aggravated assault because the jury instructions were faulty and remand for retrial. We affirm Defendant's conviction for aggravated battery.

*Facts*

{2} Defendant and friends gathered the evening of September 20, 1996 at the Golden Spur Bar in Magdalena, New Mexico. Symantha Montoya was the bartender. At some point during the evening, Montoya advised Defendant that arm wrestling was not allowed in the bar. Thereafter, Defendant argued with another person, and Montoya defused the disturbance and ordered Defendant to leave the bar. Montoya pointed her finger at Defendant as if to poke him and, according to some witnesses, actually poked or hit Defendant in the chest. Defendant grabbed Montoya by the neck with his hands and lifted her from the floor. Another patron knocked Defendant down, freeing Montoya. Montoya testified that Defendant acted very angry, that she felt as if her throat was being crushed, and that she believed Defendant was going to kill her.

Patricia A. Madrid, Attorney General, Santa Fe, Steven S. Suttle, Assistant Attorney General, Albuquerque, for Appellee.

Don Klein, Jr., Socorro, for Appellant.

## OPINION

WECHSLER, J.

{1} Defendant Simon Armijo appeals his convictions of aggravated assault, a fourth-degree felony, contrary to NMSA 1978, § 30–3–2(C) (1963), and aggravated battery, a misdemeanor, contrary to NMSA 1978, § 30–3–5(B) (1969). We consolidate Defendant's issues on appeal as follows: (1) whether the district court erred by improperly instructing the jury on the elements of felony

*Jury Instructions on Felony Aggravated Assault*

{3} The criminal information charged Defendant with the fourth-degree felony of aggravated assault asserting that he unlawfully assaulted or struck at Montoya willfully and intentionally with the intent to commit a felony contrary to Section 30–3–2(C). The district court instructed the jury as to the essential elements of this charge based on UJI 14–309 NMRA 1997 as follows:

For you to find the defendant guilty of aggravated assault with intent to commit felony aggravated battery as charged in Count I of the Criminal Information, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant picked Symantha Montoya up off the ground with both hands by her neck;

2. This caused Symantha Montoya to believe she was about to be choked and her throat crushed by the defendant;

3. A reasonable person in the same circumstances as Symantha Montoya would have had the same belief;

4. The defendant intended to commit the crime of felony aggravated battery;

5. This happened in New Mexico on or about the 20th day of September 1996.

UJI 14-309 Use Note 1 requires the district court to immediately follow this instruction with the essential elements of the felony which the State alleges Defendant intended to commit. In the next instruction, the district court guided the jury concerning the essential elements of the misdemeanor aggravated battery charge of the criminal information, not the elements of a felony. Defendant contends that the district court committed fundamental error by failing to comply with UJI 14-309 Use Note 1. The State concedes the point in its answer brief.

{4} "Although we are not bound by the State's concession," after reviewing the jury instructions given and the UJI, we agree. *State v. Foster,* 1999-NMSC-007, ¶ 25, 126 N.M. 646, 974 P.2d 140. The district court instructed the jury on the elements of aggravated assault with intent to commit felony aggravated battery, but failed to instruct the jury on the essential elements of felony aggravated battery. Rather, it next instructed the jury on the essential elements of misdemeanor aggravated battery. The order of the instructions has the potential of misleading the jury to believe it could convict Defendant on the aggravated assault if it convicted him on the misdemeanor aggravated battery. The district court did not inform the jury of the essential elements of the felony that increased the assault charge to that of felony aggravated assault.

{5} Because it followed the elements instruction of felony aggravated assault, the instruction on misdemeanor aggravated battery exacerbates rather than resolves the problem of the omission of the instruction on the elements of felony aggravated battery.

The difference between the elements of felony aggravated battery and misdemeanor aggravated battery, albeit slight, is a critical one. Felony aggravated battery requires a showing that the perpetrator inflicted great bodily harm on the victim or that the battery was done with a deadly weapon or is done in a manner which great bodily harm or death can be inflicted. *See* Section 30-3-5(C); UJI 14-322 NMRA 1999; UJI 14-323 NMRA 1999. On the other hand, misdemeanor aggravated battery only requires a showing that the perpetrator inflicted an injury that causes painful temporary disfigurement. *See* Section 30-3-5(B); UJI 14-321 NMRA 1999. This distinction is an important factual issue for the jury to resolve.

{6} The omission of the instruction on felony aggravated battery raises serious questions as to whether the jury was aware of the distinction and considered the facts of the case in light of this distinction. The failure to instruct on the elements of felony aggravated battery was fundamental error. *See State v. Parish,* 118 N.M. 39, 42, 878 P.2d 988, 991 (1994) ("Reversible error arises if . . . a reasonable juror would have been confused or misdirected."). As a consequence, we reverse Defendant's conviction of felony aggravated assault.

*Discharge Not Applicable*

{7} Defendant asks this Court to preclude further proceedings in district court relating to felony aggravated assault. He argues that the error in the jury instructions concerning this charge entitles him to a discharge for the offense. As we understand Defendant's argument, because the jury instructions did not make reference to any independent felony which would have been part of Defendant's intent and referred instead to misdemeanor aggravated battery, the erroneous jury instructions became the law of the case as to the elements required for conviction. Under Defendant's argument, jeopardy would attach and the State could not retry Defendant with felony aggravated assault because it would be barred from retrial because it failed to prove its case. We disagree.

{8} While it is true that jury instructions become "the law of the case and, absent proof conforming to the instructions, the state could not prevail," *State v. Landers*, 115 N.M. 514, 516, 853 P.2d 1270, 1272 (Ct. App.1992), errors in jury instructions do not bar retrial, *see Parish*, 118 N.M. at 47, 878 P.2d at 996 (case remanded for new trial due to confusing jury instruction); *State v. Peterson*, 1998–NMCA–049, ¶ 11, 125 N.M. 55, 956 P.2d 854. Therefore, the State can retry Defendant on the aggravated assault charge.

{9} Defendant further contends that expert medical evidence concerning the nature of Montoya's injuries was required as to the charge of felony aggravated assault. According to Defendant, because the State did not present such evidence, Defendant must be discharged with regard to that charge for failure of proof. However, Defendant does not state any basis for his proposition that medical evidence was necessary.

{10} In *State v. Chavez*, 82 N.M. 569, 572, 484 P.2d 1279, 1282 (Ct.App.1971), relied upon by Defendant, this Court held that medical evidence was needed to support an aggravated battery charge in order to establish a causal connection between an infection and subsequent loss of the victim's eye and the defendant's action of hitting the eye to support the charge that the victim suffered great bodily harm. *State v. Hollowell*, 80 N.M. 756, 759–60, 461 P.2d 238, 241–42 (Ct. App.1969), also cited by Defendant, similarly addresses the causal connection of great bodily harm. In the case on appeal, there is no issue of causation. Therefore, there was no need for the State to present expert testimony. Thus, even if this theory of discharge were correct, an issue which we do not address, discharge would not be proper.

*Alleged Fundamental Error in Jury Instructions*

{11} Defendant argues that the jury instructions were fundamentally flawed because they failed to include an essential element of the aggravated assault and aggravated battery crimes. Defendant claimed that he acted in self defense. The district court instructed the jury on self defense in accordance with UJI 14–5181

NMRA 1999. However, Use Note 1 to UJI 14–5181 prescribes that if the self-defense instruction is given, the court should "add to the essential elements instruction for the offense charged, 'The defendant did not act in self defense.'" *See also Parish*, 118 N.M. at 42–43, 878 P.2d at 991–92. The district court failed to add the Use Note language to the essential elements instructions for both aggravated assault and aggravated battery. Defendant argues that, as a result, his convictions should be reversed because the jury instructions constituted fundamental error. Because we reverse the aggravated assault conviction on other grounds, we discuss this issue only with regard to the aggravated battery charge.

{12} Defendant is correct that when the court instructs the jury on self defense, an issue is also created concerning the unlawfulness of the offense. *See id.* at 43–44, 878 P.2d at 992–93; *State v. Johnson*, 1996–NMSC–075, ¶ 20, 122 N.M. 696, 930 P.2d 1148; *State v. Acosta*, 1997–NMCA–035, ¶ 18, 123 N.M. 273, 939 P.2d 1081. He did not request that the court include in the elements instruction a statement either that unlawfulness is an element of the crime or that an element is that the defendant did not act in self defense. Nevertheless, the district court has the responsibility to instruct the jury on the essential elements of an offense. *See* Rule 5–608(A) NMRA 1999; *State v. Osborne*, 111 N.M. 654, 661, 808 P.2d 624, 631 (1991). Because of the importance of the instructions to the jury concerning the essential elements of a crime, failure to do so can result in fundamental error. *See Osborne*, 111 N.M. at 662, 808 P.2d at 632; *Peterson*, 1998–NMCA–049, ¶ 9, 125 N.M. 55, 956 P.2d 854.

{13} In response to Defendant's claims of fundamental error, the State makes two arguments. First, the State contends that Defendant was not entitled to an instruction on self defense, and therefore, any error in the instructions was harmless. Because we do not believe that the jury instructions constituted fundamental error, we do not address this question. Second, the State argues that the jury instructions did not amount to fun-

damental error based on differences between this case and *Parish*.

{14} In *Parish*, the defendant was convicted of voluntary manslaughter. *See* 118 N.M. at 41, 878 P.2d at 990. The defendant argued that he acted in self defense. *See id.* at 42, 878 P.2d at 991. In *Parish*, the essential elements instruction stated that the jury could find the defendant guilty of voluntary manslaughter if the state proved beyond a reasonable doubt that: (1) the defendant killed the victim; (2) the defendant knew that his acts created a strong probability of death or great bodily harm to the victim; and, (3) the killing took place on the specified date. *See id.* Our Supreme Court explained that a claim of self defense negates the element of unlawfulness, an element that had not been explained to the jury. *See id.* at 43, 878 P.2d at 992. It concluded that this failure to instruct on the essential element of unlawfulness was sufficient to reverse the defendant's conviction. *See id.* at 44, 46, 878 P.2d at 993, 995.

{15} The State argues the sufficiency of the jury instructions in this case based upon the language of the self-defense instruction which was different from the *Parish* instruction. In *Parish*, in addition to the missing element of unlawfulness, the Supreme Court found a second defect in the jury instructions, a defect concerning the burden of persuasion as to the claim of self defense. *See id.* at 45–46, 878 P.2d at 994–95. In allocating this burden, the district court in *Parish* instructed the jury: "In considering this defense [of self defense], and after considering all the evidence in the case, if you have a reasonable doubt as to the defendant's guilt, you must find him not guilty." *Id.* at 43, 878 P.2d at 992. The problem with this instruction was that the district court did not instruct the jury that "if the State could not refute self defense beyond a reasonable doubt, it was required to find Parish not guilty." *Id.* at 44, 878 P.2d at 993.

{16} We do not have the same deficiency in this case. The Supreme Court amended the uniform jury instruction relating to self defense after *Parish*, and the district court in this case used the new instruction, instructing the jury: "The burden is on the State to

prove beyond a reasonable doubt that the Defendant did not act in self defense. If you have a reasonable doubt that the Defendant did not act in self defense, you must find the Defendant not guilty."

{17} The State argues that this self-defense instruction properly informed the jury that it must find Defendant not guilty if the State does not meet its burden regarding self defense and corrects the deficient essential elements instruction. *See Acosta,* 1997–NMCA–035, ¶ 31, 123 N.M. 273, 939 P.2d 1081. (Hartz, C.J., dissenting). Indeed, the proposition that jury instructions be considered as a whole is generally accepted. *See Parish,* 118 N.M. at 41, 878 P.2d at 990.

{18} While the Supreme Court in *Parish* appeared to rule that an elements instruction that does not instruct on all elements essential for conviction cannot be cured by other instructions, *see id.* at 44, 878 P.2d at 993, that statement was dictum because there were no other instructions in *Parish* that potentially cured the error, as the Court next stated, *see id.* In addition, *Parish* is now frequently cited for the proposition that jury instructions must be read as a whole. *See State v. Munoz,* 1998–NMSC–041, ¶ 12, 126 N.M. 371, 970 P.2d 143; *Peterson,* 1998–NMCA–049, ¶ 11, 125 N.M. 55, 956 P.2d 854; *Acosta,* 1997–NMCA–035, ¶ 9, 123 N.M. 273, 939 P.2d 1081.

{19} Although it might be theoretically possible for other instructions not to cure defects in an elements instruction, we do not believe that the Supreme Court meant to state that any failure to include an element in an elements instruction was an incurable defect. Indeed, the currently approved uniform jury instructions on the important element of intent and its relation to the other elements shows the difficulty with a broad statement that an elements instruction that does not instruct on all elements essential for conviction cannot be cured by other instructions. Most of the essential elements uniform jury instructions do not contain instruction on the element of intent. Instead, the element of intent is covered by a separate instruction, UJI 14–141 NMRA 1999.

{20} Moreover, it appears that the Supreme Court in *Parish* recognized that the committee that drafted the original criminal uniform jury instructions in 1978 intended that an instruction on the element of unlawfulness, when self defense was at issue, was to be given at the end of the self-defense instruction. *See Parish*, 118 N.M. at 45, 878 P.2d at 994. So instructing the jury makes sense from two perspectives.

{21} First, the purpose of an elements instruction is to explain to the jury exactly what the State has to prove beyond a reasonable doubt. Listing the elements in one instruction, while convenient, is not always essential, as evidenced by the separate instruction on intent. The important point is to make sure the jury knows, in no uncertain terms, to what the State's burden applies.

{22} Second, the actual element is unlawfulness. But we question how helpful it would be to the jury to simply add to the elements instruction a statement that the State has to prove that the defendant's act was unlawful. In fact, the 1978 committee that drafted the jury instructions must have recognized this problem when it instead explained to the jury precisely how unlawfulness is proved, that is, by negating self defense.

{23} The committee that modified the uniform jury instructions in response to *Parish* went back to the 1978 committee's formulation in the self-defense instruction by providing in the last paragraph that the burden is on the state to prove that the defendant did not act in self defense. In addition, that committee recommended and the Supreme Court approved what appears to be the sort of "over-kill" syndrome of pre-UJI practice, *see State v. Torres*, 99 N.M. 345, 347, 657 P.2d 1194, 1196 (Ct.App.1983), by instructing the jury in two places, once in the elements instruction and once at the end of the self-defense instruction, that the state has the burden of proving that the defendant did not act in self defense.

{24} Whether a jury has to be instructed twice on the issue of the burden of proof for self defense if a defendant so requests is not an issue now before us although we do note that there are a host of cases standing for the proposition that the uniform jury instructions and use notes are to be followed without substantial modification. *See e.g., State v. Orosco*, 113 N.M. 780, 786, 833 P.2d 1146, 1152 (1992); *Cowan v. Powell*, 115 N.M. 603, 605, 856 P.2d 251, 253 (Ct.App.1993). The issue in this case is whether it is fundamental error for judges not to follow the use note for the self-defense instruction when no one alerts them to the need to insert the sentence about the defendant not acting in self defense in the elements instruction and when an otherwise correct self-defense instruction is given.

{25} Neither *Parish* nor any of the cases that have followed it have answered that question under the peculiar facts of this case. *Parish* and the other cases that have reversed for fundamental error have one thing in common—the instructions in those cases did not clearly instruct the jury that the state had the burden to prove unlawfulness or an absence of self defense. In *Parish* itself, neither the elements instruction nor the self-defense instruction put the burden on the state although the defendant requested an elements instruction explicitly to that effect. *See Parish*, 118 N.M. at 42–44, 878 P.2d at 991–93. Next, in *Acosta*, the situation was similar to that in *Parish* in that neither the elements instruction nor the self-defense instruction expressly told the jury that the burden was on the state to negate self defense, and we held that there was fundamental error. *See Acosta*, 1997–NMCA–035, ¶¶ 5, 21, ¶ 26, 123 N.M. 273, 939·P.2d 1081, (Hartz, C.J., dissenting). In contrast, in *State v. Loera*, 1996–NMSC–074, ¶¶ 10–13, 122 N.M. 641, 930 P.2d 176, and *State v. Sosa*, 1997–NMSC–032, ¶ 31, 123 N.M. 564, 943 P.2d 1017, the district courts instructed their respective juries in the elements instruction, but not in the self-defense instruction, that the state had the burden to prove that the defendant did not act in self defense. The Supreme Court held that there was no fundamental error. In *Peterson*, 1998–NMCA–049, ¶ 11, 125 N.M. 55, 956 P.2d 854, as in *Acosta* and *Parish*, the court did not instruct the jury on unlawfulness in the elements instruction or on the specific type of unlawfulness at issue in that case, citizen's arrest,

**600**

in either the elements instruction or a separate instruction.

{26} Reading all of the foregoing cases together, the principle that emerges is that it is fundamental error not to instruct the jury on either the element of unlawfulness or the defense that makes a defendant's actions lawful in a manner so that the jury understands that it is the state's burden to prove unlawfulness or disprove the defense beyond a reasonable doubt. *Sosa* and *Loera* state that it is sufficient if the instruction is in the elements instruction, even if not in the defense instruction. Today, we hold that it is sufficient if it is in the defense instruction, even if not in the elements instruction, provided that no other instruction causes the defense instruction to be confusing or meaningless.

{27} In this case, the district court did not give any other instruction that would cause the defense instruction to be confusing or meaningless. It clearly instructed the jury that the State had the burden to prove that Defendant did not act in self defense and that it should find Defendant not guilty if it has a reasonable doubt as to whether Defendant acted in self defense. No other instruction cast doubt on that instruction. Nor is this a case like *State v. Stampley*, 1999–NMSC–027, ¶ 48, —— N.M. ——, 982 P.2d 477, or *State v. Bonham*, 1998–NMCA–178, ¶ 28, 126 N.M. 382, 970 P.2d 154, in which an elements instruction permitted a finding of guilt without the jury necessarily finding all of the elements of the crime. Accordingly, there was no fundamental error in this case.

*Conclusion*

{28} We reverse Defendant's conviction for aggravated assault because of faulty jury instructions and remand for a new trial on this charge. We affirm the conviction for misdemeanor aggravated battery.

{29} **IT IS SO ORDERED.**

PICKARD, C.J. and BOSSON, J., concur.