This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                   **NO. 30,128**

**RAYNEL VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh Dangler, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his conviction for driving under the influence of intoxicating liquors (DWI). He argues that his right to be free from double jeopardy and his right to confrontation were violated. We affirm.

**I.   BACKGROUND**

We briefly review the background leading to this appeal. In August 2008, Defendant was charged with one count of DWI in violation of NMSA 1978, Section 66-8-102(C) (2008) (amended 2010), and one count of driving with a revoked or suspended license in violation of NMSA 1978, Section 66-5-39 (1993). The latter of these two charges was later dismissed.

Defendant's first trial commenced in April 2009. The jury returned a guilty verdict but the district court set aside that verdict due to a problem with the jury instructions and ordered a retrial. Defendant was tried a second time in October 2009. At this trial, Defendant objected to the admission of State's exhibit one—the blood alcohol report, or what is known as a 705 form—on confrontation grounds. The court admitted the exhibit over Defendant's objection. The jury again found Defendant guilty. The court determined that Defendant had at least five other DWI convictions and sentenced him to a prison term of two years followed by one year of parole and supervision.

**II.   DISCUSSION**

2

On appeal, Defendant raises two issues. First, he argues that double jeopardy principles precluded a second trial. Second, he contends that the district court violated his rights under the confrontation clause in admitting the 705 form. We review both claims de novo. *See State v. Bullcoming*, 2010-NMSC-007, ¶ 10, 147 N.M. 487, 226 P.3d 1 (observing that whether an exhibit is admitted in violation of the confrontation clause is a question of law we review de novo), *cert. granted, Bullcoming v. New Mexico*, 131 S. Ct. 62 (2010); *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289 ("A double jeopardy claim is a question of law that we review de novo.").

**A.     Double Jeopardy**

At Defendant's first trial, the instructions read to the jury directed that in order to convict Defendant, they were required to find that he had a breath alcohol concentration above "eight one-hundredths (.08) grams or more in two hundred ten liters of breath." Such a finding was impossible because there was no evidence presented that Defendant had ever been given a breath test. Rather, the arresting officer testified that when Defendant was arrested, the Farmington Police Department's breath test machine was broken and Defendant was taken to the hospital where he underwent a blood draw. The tests performed on Defendant's blood sample revealed that his blood alcohol content was 0.19 grams/100 ml.

Our review of the record reveals that the problem with the jury instructions appears to have been an oversight. The parties did not realize that the State's proposed instructions did not match the underlying facts until after both parties agreed to the proposed instructions. Counsel for Defendant became aware of the incongruity in the instructions shortly before giving his closing argument and, during his closing argument, argued lack of evidence regarding Defendant's breath alcohol level.

At the conclusion of trial, the court instructed the jury to leave the courtroom to begin deliberations and informed the jury that they would receive a written copy of the jury instructions. Before providing a copy of the instructions to the jury, the district court asked the parties for guidance regarding the flaw in the instructions. After considering the parties suggestions, the court concluded that the appropriate resolution was to issue amended instructions. The court removed the word "breath" from the jury instructions and replaced it with the word "blood" and also altered the verdict form so as to reflect this change.

After the amended instructions were issued, the jury deliberated and eventually returned a guilty verdict. Immediately thereafter, Defendant orally moved to set aside that verdict and later filed a written motion to the same effect. The district court granted the written motion, vacated the verdict, and ordered a retrial. Defendant argues that double jeopardy precluded a retrial and that the district court should have

entered a judgment of acquittal.

Defendant's claim that double jeopardy precluded a second trial appears to be premised on three contentions: that the erroneous instructions became the law of the case; that the State could not secure a conviction under the erroneous jury instructions; and, therefore, that double jeopardy precluded the second trial. We are unpersuaded by these arguments. In *State v. Armijo*, 1999-NMCA-087, 127 N.M. 594, 985 P.2d 764, we considered nearly identical arguments and rejected them.

The defendant in *Armijo* was convicted of felony aggravated assault but, as in this case, the jury was wrongly instructed. *Id.* ¶¶ 1, 6. The defendant appealed, and we reversed the conviction. *Id.* ¶ 6. We then addressed the defendant's arguments that double jeopardy precluded a remand for a new trial and that we were required to dismiss the charge. *Id.* ¶ 7. As in the present case, we had difficulty understanding the basis for these arguments. *Id.* Nonetheless, we discerned that the defendant appeared to be arguing that he could not be retried because the erroneous jury instruction became the law of the case, that jeopardy attached, and that the state could not retry him because the state failed to prove its case. *Id.*

We did not take issue with the defendant's observation that "jury instructions become the law of the case and, absent proof conforming to the instructions, the state could not prevail." *Id.* ¶ 8 (internal quotation marks and citation omitted). However,

5

we concluded that this point of law was inapposite as the jury instruction had been erroneous. *Id.* "[E]rrors in jury instructions," we explained, "do not bar retrial." *Id.* Accordingly, we remanded the matter for a new trial. *Id.* ¶ 28.

*Armijo* answers Defendant's double jeopardy arguments. We reject Defendant's assertion that double jeopardy precluded a second trial and find no error in the district court's decision to retry Defendant. We proceed to the next issue on appeal.

## B.    Confrontation

Defendant next argues that the district court violated his right to confrontation by admitting the 705 form. According to Defendant, the 705 form contains testimonial evidence from witnesses who were not available for cross examination.

State's exhibit one was not made part of the record proper. We do not review arguments predicated on documents not in the record. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (noting that appellate review is "limited to a consideration of the transcript of the record properly certified by the clerk of the trial court." (internal quotation marks and citation omitted)); *State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988) ("It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal."); *Michaluk v. Burke*, 105 N.M. 670, 676-77, 735 P.2d 1176, 1182-83 (Ct. App. 1987) ("Where

6

the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence.").

## III.   CONCLUSION

For the foregoing reasons, Defendant's conviction is affirmed.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**