This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. A-1-CA-36023

**ANDREW BALDONADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Andrew Baldonado (Defendant) argues that there was insufficient evidence to support his conviction for false imprisonment because his acts of restraining or

confining the victim were merely incidental to the crime of criminal sexual contact (CSC). [DS 3] This Court's second calendar notice proposed to conclude that there was sufficient evidence to support the conviction for false imprisonment based on the additional facts asserted in the State's memorandum in opposition. Defendant filed a memorandum in opposition and motion to amend the docketing statement to add two issues. Not persuaded by Defendant's arguments, we deny the motion to amend and affirm.

{2}     Defendant continues to challenge the sufficiency of evidence to support false imprisonment. [MIO 9-11] He argues that there was insufficient evidence for the jury to find that he confined or restrained the victim by the use of force separate from the force inherent in the commission of CSC. [Id. 11] *See State v. Corneau*, 1989-NMCA-040, ¶ 11, 109 N.M. 81, 781 P.2d 1159 (recognizing that there must be evidence to support a finding that the act of false imprisonment "was separate and apart from any false imprisonment necessarily involved in almost every act of [Criminal Sexual Penetration]"). Defendant asserts that the force of grabbing the victim's ankles and legs was incidental to the force used to commit CSC. [Id. 11] However, Defendant disregards our reliance on the fact that, in combination with that force and restraint, Defendant locked the door after he entered the room. [Id. 10-11] The memorandum in opposition does not otherwise dispute the evidence relied upon in the second calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107

N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superseded by statue on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374.

**{3}** Defendant also argues that there was evidence, by way of his statement to police and testimony at trial, that the entire encounter was consensual. [MIO 11] Defendant contends that if it was consensual, the jury could not have found that he restrained or confined the victim against her will. [Id.] However, "the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Because Defendant has not asserted any facts, law, or argument to persuade us that our second notice of proposed disposition was erroneous, we affirm his conviction for false imprisonment. *See State v. Boyer*, 1985-NMCA-029, ¶ 11, 103 N.M. 655, 712 P.2d 1 (recognizing that "where defendant is the appellant . . . all presumptions are in favor of the judgment below . . . and the defendant bears the burden of demonstrating error").

**{4}** Defendant moves to amend the docketing statement with two issues: (1) whether the jury instruction for CSC omitted a crucial element of unlawfulness; and

3

(2) whether the State failed to present sufficient evidence to prove CSC. [DS 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{5}     Defendant argues that his conviction for CSC must be reversed because the State failed to present sufficient evidence and because the jury instruction for CSC failed to require a finding of unlawfulness—a critical element. [MIO 6-8, 12] Substantial evidence claims can be raised for the first time on appeal. *State v. Stein*, 1999-NMCA-065, ¶ 9, 127 N.M. 362, 981 P.2d 295. Defendant acknowledges that counsel did not object to the alleged deficiencies with the jury instruction and raises it pursuant to fundamental error. [Id. 8] However, we note that Defendant has not

4

demonstrated just cause for amending the docketing statement by explaining why these issues were not originally raised in the docketing statement. *See Rael*, 1983-NMCA-081, ¶¶ 7-8. Nevertheless, we determine them to be non-viable for the reasons that follow.

{6}     Defendant challenges the sufficiency of evidence to convict him of CSC on the basis that he testified every sexual act that he and the victim engaged in was consensual in nature. [MIO 12] "When a defendant challenges a conviction on sufficiency of evidence grounds, we view testimony and resolve inferences from the evidence in the light most favorable to the jury's verdict." *State v. Baca*, 1990-NMCA-123, ¶ 25, 111 N.M. 270, 804 P.2d 1089. Although Defendant testified it was consensual, the victim testified that Defendant forced himself on her and raped her. [MIO 3; DS 2] This Court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We also disregard all evidence and inferences that support a different result. *See Rojo*, 1999-NMSC-001, ¶ 19. We therefore conclude that there was sufficient evidence to support Defendant's conviction for CSC.

{7}     Defendant also argues that his conviction for CSC should be reversed because the jury instruction failed to include the necessary element of unlawfulness as required by the jury instruction for CSC. [MIO 6-8] *See* UJI 14-909 NMRA. Defendant relies

5

on *State v. Parish*, 1994-NMSC-073, 118 N.M. 39, 878 P.2d 988, for his contention that the inclusion of an unlawfulness instruction immediately following the instruction for CSC does not cure the fact that the jury did not have to find Defendant's act was unlawful beyond a reasonable doubt. [MIO 5] In *Parish*, the defendant argued that the jury instruction for manslaughter, which is statutorily defined as an "unlawful killing," failed to instruct the jury on the necessary element of unlawfulness for the crime of involuntary manslaughter, where the self-defense was raised. *Id.* ¶ 5; *see also* NMSA 1978, § 30-2-3(A) (1994) ("Manslaughter is the unlawful killing of a human being without malice."). Defendant argues that UJI 14-132 and -909 NMRA, demonstrate the Supreme Court's approval of a jury instruction for the defense of consent in sexual contact cases that parallels the self-defense instruction issue in *Parish*. [MIO 6] *See* UJI 14-132 (defining unlawfulness, in part, as being without consent); UJI 14-909, Use Note (providing that unlawfulness element should be included in the elements "if the evidence raises a genuine issue of the unlawfulness of the defendant's actions").

{8}     "We review jury instructions to determine whether a reasonable juror would have been confused or misdirected by the jury instructions." *State v. Montoya*, 2003-NMSC-004, ¶ 23, 133 N.M. 84, 61 P.3d 793. Here, the jury was instructed with the definition of "unlawful" immediately following the jury instruction for CSC, and it expressly instructed that "in addition to the other elements of Criminal Sexual Contact as charged in Count Three, the state must prove beyond a reasonable doubt

6

that the act was unlawful." [MIO 6] Following *Parish*, this Court held that although "it is fundamental error not to instruct the jury on either the element of unlawfulness or the defense that makes a defendant's actions lawful in a manner so that the jury understands that it is the state's burden to prove unlawfulness or disprove the defense beyond a reasonable doubt, . . . it is sufficient if it is in the defense instruction, even if not in the elements instruction, provided that no other instruction causes the defense instruction to be confusing or meaningless." *State v. Armijo*, 1999-NMCA-087, ¶ 26, 127 N.M. 594, 985 P.2d 764. This is consistent with the notion that "[w]e consider jury instructions as a whole, not singly." *See Montoya*, 2003-NMSC-004, ¶ 23. We therefore conclude that Defendant has not demonstrated fundamental error. *See State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (stating that "fundamental error does not occur if the jury was not instructed on an element not at issue in the case" or if "there can be no dispute that the omitted element was established").

{9}     Accordingly, for the reasons stated in our second notice of proposed disposition and herein, we deny Defendant's motion to amend the docketing statement and affirm.

{10}     **IT IS SO ORDERED.**


_____

**TIMOTHY L. GARCIA, Judge**

7

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**EMIL KIEHNE, Judge**