This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-34765**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHARLES SMITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**M. Zamora, Judge.**

**{1}** A jury convicted Defendant of battery of a household member contrary to NMSA 1978, Section 30-3-15 (2008), following a trial in metropolitan court. Defendant appealed to the district court and the district court affirmed. Defendant now appeals to this Court.[1] On appeal, Defendant contends that (1) he was entitled to a jury instruction

---

1This appeal occurred prior to the Constitutional amendment, effective June 14, 2019, providing a direct appeal from the metropolitan court to this Court.

on the element and meaning of "unlawfulness"; (2) the State presented insufficient evidence to show that Defendant acted unlawfully as required by statute; and (3) Defendant was prejudiced by the State's novel factual allegations in support of its theory of battery. We conclude Defendant was entitled to an unlawfulness jury instruction at trial and therefore reverse and remand for retrial.

## DISCUSSION

### I.     Standard of Review and Preservation

**{2}**     Defendant contends that he was entitled to a jury instruction on unlawfulness because the facts presented multiple theories under which Defendant's conduct could have been lawful, thereby putting unlawfulness at issue. The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved we review the instructions for reversible error. If not, we review for fundamental error." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Under either standard, "we seek to determine whether a reasonable juror would have been confused or misled by the instruction." *Id.* (internal quotation marks and citation omitted).

**{3}**     The State contends Defendant did not preserve the issue he now raises on appeal. An allegation of error in the jury instructions is generally preserved by "the tender but refusal of an instruction." *State v. Percival*, 2017-NMCA-042, ¶ 8, 394 P.3d 979 (alterations, internal quotation marks, and citations omitted). While we note that Defendant did not tender a proposed instruction, given the extensive discussion on the topic between the attorneys and the judge at trial, we conclude that defense counsel's actions were adequate to alert both the State and the metropolitan court (metro court) to the argument and invoke a ruling thereon. *See State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 (stating the party appealing usually must tender a proposed jury instruction, "[h]owever, if the record reflects that the judge clearly understood the type of instruction the [d]efendant wanted and understood the tendered instruction needed to be modified to correctly state the law, then the issue is deemed preserved for appellate review"); *see also* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked."). Thus, we conclude Defendant sufficiently preserved his argument that his request for an unlawfulness instruction was improperly denied. It is evident from the record that the metro court understood that Defendant sought an unlawfulness jury instruction and also understood that the instruction needed to be modified to fit the facts of the case and appropriately state the law.

**{4}**     Moreover, to the extent the State contends Defendant only preserved a deprivation of property theory to support his argument for an unlawfulness jury instruction, we disagree. *See State v. Gomez*, 1997-NMSC-006, ¶ 31, 122 N.M. 777, 932 P.2d 1 ("The arguments a trial lawyer reasonably can be expected to articulate on an issue arising in the heat of trial are far different from what an appellate lawyer may develop after reflection, research, and substantial briefing. It is impractical to require trial

counsel to develop the arguments, articulate rationale, and cite authorities that may appear in an appellate brief."). Given defense counsel's argument at trial that other relevant property-related defenses existed, besides deprivation of property, which could make Defendant's actions lawful, we conclude that Defendant sufficiently preserved the issue he now raises on appeal. [2]

**{5}** Accordingly, we review the metro court's decision not to give an unlawfulness instruction to the jury for reversible error. In doing so, we review the metro court's "rejection of proposed jury instructions de novo because the rejection is closer to a determination of law than a determination of fact." *Percival*, 2017-NMCA-042, ¶ 8, (alteration, internal quotation marks, and citation omitted). In addition, "we view the evidence in the light most favorable to the giving of the requested instructions." *State v. Boyett*, 2008-NMSC-030, ¶ 12, 144 N.M. 184, 185 P.3d 355 (alteration, internal quotation marks, and citation omitted). In determining if reversible error exists, we examine whether "a reasonable juror would have been confused or misdirected by the jury instruction," and consider that "juror confusion or misdirection may stem not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Benally*, 2001-NMSC-033, ¶ 12 (internal quotation marks and citation omitted).

## II.    Unlawfulness Instruction

**{6}** Defendant argues that "[t]he [metro] court committed reversible error when it refused to give unlawfulness instructions." In *State v. Peterson*, this Court identified the general rule that the trial court is required to instruct the jury on the essential element of unlawfulness. 1998-NMCA-049, ¶ 10, 125 N.M. 55, 956 P.2d 854 (stating that the rule generally "requir[es] the trial court to instruct the jury on the essential element of lawfulness"). In *Peterson*, this Court outlined two exceptions to the rule requiring an unlawfulness instruction, stating an instruction is not required: (1) "if the instruction contains language that is obviously synonymous with the element of unlawfulness"; and (2) "when there is *no evidence* of lawful behavior, and hence the element omitted from the instructions was not factually in issue[.]" *Id.* ¶ 10 (emphasis added) (internal quotation marks and citation omitted). *Peterson* involved unlawfulness within the context of an aggravated battery where the defendant asserted he was attempting a citizen's arrest. *Id.* ¶ 4. In *Peterson*, this Court concluded that the trial court's failure to instruct on the element of unlawfulness was fundamental error, noting that "once a defendant introduces *some* evidence of lawfulness, the court is under a duty to instruct on the state's burden to prove unlawfulness beyond a reasonable doubt." *Id.* ¶ 11 (emphasis added) (internal quotation marks and citation omitted); *see also State v. Augustin M.*, 2003-NMCA-065, ¶ 12, 133 N.M. 636, 68 P.3d 182 (recognizing that the statutes

---

2Defendant also argues on appeal that his acts were lawful because he had the right of self-defense against any unlawful action against himself under NMSA 1978, Section 30-2-7(A) (1963). However, we need not address the issue of whether Defendant's assertion of self-defense can support the giving of an unlawfulness instruction, because we  reverse and remand for failure to provide an unlawfulness instruction based on Defendant's property-related theories.

governing battery and aggravated assault contain the words "unlawful" or "unlawfully," and, thus, "[w]hen 'unlawfulness' of an act such as aggravated assault or battery is at issue, unlawfulness must be added as an element in the jury instructions").

**{7}**    Here, the facts presented at trial demonstrate a theory of the case, when viewed in the light most favorable to Defendant, place unlawfulness at issue and requires that the unlawfulness instruction be given. *See Peterson,* 1998-NMCA-049, ¶¶ 10-11; *Augustin M.*, 2003-NMCA-065, ¶ 12. Victim testified at trial that she wanted to resolve the argument between herself and Defendant outside of the apartment, but that Defendant did not want to talk to her and was trying to get away from her. According to Victim's testimony, Defendant was unable to get around her to go inside the apartment because she was blocking the door and pushing Defendant away from the door. Defense counsel argued that evidence showing the lawfulness of Defendant's actions had been presented at trial because Victim was depriving Defendant of his own property by not letting him enter their apartment. On appeal, Defendant further supports his argument that Victim was depriving him of his property, contending that Victim (1) violated his constitutional right to possess property under the New Mexico Constitution; (2) violated his right of access to his property; (3) wrongfully interfered with his possessory interests of the property; and (4) committed the crime of deprivation of property rights under NMSA 1978, Section 30-3-18 (2009).

**{8}**    Based on Victim's testimony as outlined above, we conclude that there was sufficient evidence introduced to place unlawfulness at issue, given Defendant's theory of the case under which he argued that his use of force to move Victim could have been lawful under the circumstances. Thus, we conclude that the metro court erred and the lawfulness instruction should have been given.

**{9}**    Furthermore, we note that the metro court's failure to deliver the unlawfulness instruction provided the jury with an incomplete statement of relevant law. *See State v. Anderson*, 2016-NMCA-007, ¶ 9, 364 P.3d 306 ("Juror confusion or misdirection may stem from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." (internal quotation marks and citation omitted)). Since there was no dispute between the parties that the alleged battery occurred, "[t]he only question to be answered by the jury was whether [the d]efendant's actions were somehow justified." *State v. Baxendale*, 2016-NMCA-048, ¶ 19, 370 P.3d 813 (stating the importance of addressing whether the trial court erred by failing to give jury instructions on defense of habitation and self-defense where "whether [the d]efendant committed aggravated assault with a deadly weapon was essentially a foregone conclusion"). "Crucially, then, in the absence of instructions on [the d]efendant's defense theories, the case was submitted to the jury on matters so little in dispute that the verdict was almost predetermined[,]" making the unlawfulness instruction all the more important. *Id.* (internal quotation marks and citation omitted).

**{10}**    Additionally, "[t]his Court has repeatedly cautioned that the statutory term 'unlawful' has significance in determining legislative intent and defining elements of offenses[,]" and "[r]ecognizing the independent significance of the statutory modifier

'unlawful' is a principle that has been honored since the earliest days of our territorial justice system." *State v. Stevens*, 2014-NMSC-011, ¶ 23, 323 P.3d 901. Since unlawfulness is an essential element of battery of a household member and Defendant placed the lawfulness of his conduct at issue, omitting an unlawfulness instruction failed to acknowledge the significance of the unlawfulness component of the crime, which could have led to juror confusion. Defendant had a fundamental right to present his theory of defense to the jury and the failure of the metro court to present the instruction inevitably resulted in the jury receiving an incomplete statement of the relevant law. *See Baxendale*, 2016-NMCA-048, ¶ 20 ("A defendant has the fundamental right to present his or her theory of defense to the jury where the evidence supports it."); *see also State v. Benavidez*, 1980-NMSC-097, ¶ 5, 94 N.M. 706, 616 P.2d 419 ("It is basic that a defendant is entitled to have his theory of the case submitted to the jury under proper instructions where the evidence supports it.").

**{11}** Finally, to the extent the State contends that Defendant is not entitled to an unlawfulness instruction because he failed to establish every element of a defense, we note that Defendant did not request an instruction for a particular defense, but instead requested that an instruction be given on an essential element of the crime of battery of a household member. *See* § 30-3-15. Furthermore, to the extent the State cites to *State v. Parish*, 1994-NMSC-073, 118 N.M. 39, 878 P.2d 988, we conclude that reliance on *Parish* is subject to the same distinction. In *Parish*, our Supreme Court recognized that unlawfulness "is not an element which must be proven unless a defense which justifies the homicide is raised." *Id.* ¶ 5. The showing required to entitle a defendant to an unlawfulness instruction is different when we are not addressing homicide. *See, e.g.*, *State v. Orosco*, 1992-NMSC-006, ¶ 10, 113 N.M. 780, 833 P.2d 1146 (noting that, in a case involving criminal sexual contact of a minor, "[t]he question is whether there was any evidence or suggestion in the facts, however slight, that could have put the element of unlawfulness in issue"); *cf. Brown v. Martinez*, 1961-NMSC-040, ¶ 29, 68 N.M. 271, 361 P.2d 152 (recognizing a different standard for reasonableness of force in defense of property versus defense of person, stating "[t]he force used must be of a kind appropriate to the defense of the property[,]" and noting that "[a] push in the right direction may be proper where a slap in the face is not" (internal quotation marks and citation omitted)).

**{12}** Under the circumstances of this case, we conclude that it was reversible error to refuse to instruct on the essential element of unlawfulness where evidence was presented to place the lawfulness of Defendant's conduct at issue and that this omission failed to provide the jury with a complete statement of the relevant law in Defendant's case.

### III.    Sufficient Evidence for Retrial

**{13}** In light of our determination that it was reversible error to refuse to instruct on an essential element, we now consider whether retrial is appropriate. Although Defendant does not challenge the sufficiency of the evidence underlying his conviction, in order to avoid potential double jeopardy concerns that may arise if Defendant is retried, "we

consider whether the [s]tate put forth sufficient evidence to convict a defendant of the charges and justify a second trial." *State v. Hernandez*, 2017-NMCA-020, ¶ 30, 388 P.3d 1016. "In reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (alteration, internal quotation marks, and citation omitted). The trial testimony established: (1) Victim was Defendant's girlfriend; (2) Victim and Defendant had children together; (3) Defendant and Victim argued earlier; (4) Victim took Defendant's vehicle, left him behind, and returned to their apartment where the children were asleep inside; (5) Victim blocked the door to the apartment to prevent Defendant from entering; (6) Defendant pushed Victim out of the way to get inside of the apartment.

**{14}**    We conclude there was sufficient evidence to support a conviction for battery on a household member, thus alleviating any double jeopardy concerns that may be presented by a retrial. *See* UJI 14-320 NMRA, (defining the essential element of battery and stating that to find a defendant guilty of battery, that State must prove "the defendant intentionally touched or applied force to [V]ictim and . . . acted in a rude, insolent, or angry manner"); UJI 14-370 NMRA (defining "household member" as "a spouse or . . . co-parent of a child or a person with whom the person has or had a continuing personal relationship").

## CONCLUSION

**{15}**    In light of our conclusion that the court's refusal to instruct on the essential element of unlawfulness was reversible error, we remand to the metro court for a new trial. As a result, we do not address Defendant's remaining argument. We therefore reverse and remand for a new trial consistent with this opinion.

**{16}    IT IS SO ORDERED**.

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**