2007-NMCA-119

167 P.3d 966

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Anthony CONTRERAS, Defendant–
Appellant.**

**No. 26,007.**

Court of Appeals of New Mexico.

July 24, 2007.

**520**

Gary K. King, Attorney General, Santa Fe, NM, Ralph E. Trujillo, Assistant Attorney General, Albuquerque, NM for Appellee.

John Bigelow, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Chief Judge.

{1} Defendant Anthony Contreras was convicted of breaking and entering, contrary to NMSA 1978, § 30–14–8(A) (1981), and criminal damage to property, contrary to NMSA 1978, § 30–15–1 (1963). He appeals, on two grounds, only his conviction for breaking and entering. The first is that the district court erred by refusing his instruction on the defense of mistake of fact. The district court denied the instruction after concluding that insufficient evidence had been presented to support giving the instruction. We disagree, holding that the evidence was sufficient and Defendant was entitled to a jury instruction on his theory of defense. The second ground is that the district court erred by refusing to instruct the jury on criminal trespass with damage as a lesser-included offense of breaking and entering. We affirm the district court's denial of that instruction.

## BACKGROUND

{2} Defendant checked into a Motel 6 at 3:30 one afternoon and paid for a room. He was assigned Room 125 and was given a plastic key card, but the key card did not have a room number on it. Defendant was very intoxicated when he checked in and he left his identification at the front desk. At 4:45 p.m., the police were called to the Motel 6 because someone had thrown a heavy trash can through the window of Room 121. Room 121 was four doors down from Room 125. When Officer Salbidrez arrived, he went into Room 121 and began to give verbal commands to the person inside. Defendant came out from the bathroom area. He did not have his shoes on and he was obviously intoxicated. Defendant initially responded to the officer with obscene remarks, although when told that he was under arrest, he offered to pay for the window. The officer found nothing broken or damaged in the room, other than the broken window, and nothing had been stolen. Defendant's key card was found on the ground outside of Room 121. The officer confirmed that the key opened Room 125. Defendant was indicted on one charge of breaking and entering, contrary to Section 30–14–8(A) and one charge of criminal damage to property, contrary to Section 30–15–1.

{3} Defendant did not testify at trial. He did not present any evidence. No witness testified as to any statements made by Defendant about why he broke the window or whether he thought he had permission to be in Room 121. Based on the evidence presented in the State's case, Defendant requested an instruction on mistake of fact and argued that he showed his identification, paid for a room, had permission to go into a room, thought he was entering the room he had a right to be in, and made a mistake. He argued that this mistake of fact negated the mental state accompanying entry without permission, which is an element of breaking and entering and, therefore, did not commit the crime of breaking and entering, even if he would have been guilty of a different crime based on breaking the window. Defendant's requested mistake-of-fact instruction was based on UJI 14–5120 NMRA and read as follows.

Evidence has been presented that the defendant believed that he had a right to enter the motel room. The burden is on the state to prove beyond a reasonable doubt that the defendant did not act under an honest and reasonable belief in the existence of those facts. If you have a reasonable doubt as to whether the defendant's action resulted from a mistaken be-

lief of those facts, you must find the defendant not guilty.

Defendant also requested that the instruction on the elements of breaking and entering required the State to prove beyond a reasonable doubt that (1) he "entered a motel room without permission"; (2) "[t]he entry was obtained by the breaking of a window"; and (3) he "did not act under a mistake of fact[,] i.e. that he entered without permission[.]"

{4} The district court refused to give the instruction and concluded that the evidence was not sufficient to support the instruction. The court indicated that direct evidence was not required, but that a mistake could not be inferred, and Defendant would have to prove more than what the evidence showed. The court further stated that there was no evidence of what Defendant believed and thus denied Defendant's request regarding the mistake-of-fact instruction.

{5} Defendant also requested an instruction on criminal trespass with damage as a lesser-included offense of breaking and entering. The court refused to give that instruction on the ground that criminal trespass with damage requires that the damage occur after the entry onto the property. Defendant was convicted of breaking and entering and criminal damage to property.

## DISCUSSION

{6} Defendant argues that there was sufficient evidence presented at trial to support an instruction on mistake of fact, and, as such, he was denied his right to present a defense when the district court refused to give his instruction on mistake of fact. The State responds with two arguments: (1) that there was no evidence as to any belief of Defendant, including a belief he was in the room he paid for when the police arrived, a belief indicating why he broke into that room, or whether he thought he had permission to break into that room, altogether resulting in insufficient evidence to warrant an instruction on mistake of fact; and (2) that breaking and entering is a general intent crime, and as such, "[t]he jury was not required to find a specific mental state as an element" but, instead, the general intent instruction sufficiently instructed the jury as to the requisite mental state necessary to commit breaking and entering, making a mistake-of-fact instruction unnecessary.

{7} As to the lesser-included offense instruction, Defendant argues that the district court misapprehended the law in reading the crime of criminal trespass with damage to require that the damage occur after entry onto the property. The State argues that the language of the jury instruction for criminal trespass with damage, UJI 14–1403 NMRA, and the committee commentary thereto, support the district court's holding. We address the arguments in turn.

## Standard of Review

{8} "The propriety of jury instructions is a mixed question of law and fact." *State v. Romero,* 2005–NMCA–060, ¶ 8, 137 N.M. 456, 112 P.3d 1113. "When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instruction[s]." *Id.* Viewing the facts in that manner, we review the issue de novo. *Id.* "When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error." *State v. Brown,* 1996–NMSC–073, ¶ 34, 122 N.M. 724, 931 P.2d 69.

## The District Court Erred in Refusing to Instruct on Mistake of Fact

### 1. Sufficient Evidence Supported Giving the Instruction

{9} Defendant argues that the district court erred in refusing to instruct on mistake of fact. The State argues that the evidence was insufficient to show that Defendant had an honest and reasonable belief that he was in the correct room or that he went into the wrong room by mistake. The State also argues that the jury was not required to find a specific mental state as an element of breaking and entering, and that the general intent instruction that was given to the jury was adequate. In addition, the State argues that its case offered no evidence that Defendant thought he had permission to "break into either room." This latter argument is off-issue. The issue is not whether Defendant believed that he had permission to

break into a room, but whether he believed he had permission to enter the room, because the lack of permission to enter is an element of breaking and entering. *See* UJI 14–1410 NMRA (defining, in part, that one element of breaking and entering to be proved is that "[t]he defendant entered [the structure] *without permission* " (emphasis added)).

■■■ {10} Generally, a mental state can be proved by circumstantial evidence. *See State v. Martinez*, 2006–NMSC–007, ¶ 16, 139 N.M. 152, 130 P.3d 731 (stating that circumstantial evidence of intent may be considered); *State v. Frank*, 92 N.M. 456, 458, 589 P.2d 1047, 1049 (1979) ("Intent is subjective and is almost always inferred from other facts in the case."); *State v. Brenn*, 2005–NMCA–121, ¶ 24, 138 N.M. 451, 121 P.3d 1050 ("Intent is usually established by circumstantial evidence."). "If the State may prove a defendant's state of mind through circumstantial evidence, then common sense dictates that a defendant may attempt to prove his state of mind through circumstantial evidence as well." *Williams v. State*, 1996 OK CR 16, 915 P.2d 371, 376. Evidence supporting a defense theory can be introduced in either the defendant's case or the State's case. *State v. Mantelli*, 2002–NMCA–033, ¶ 16, 131 N.M. 692, 42 P.3d 272.

{11} The evidence in favor of giving the mistake-of-fact instruction in the present case includes that defendant was very intoxicated; Defendant paid for a room and was thus authorized to enter a room; nothing was stolen; Defendant took his shoes off and was in the bathroom in Room 121, from which it can be inferred that he was using the room as one for which he had paid; Defendant's key card for Room 125 was on the ground outside near Room 121, from which it can be inferred that he had attempted to use it to enter Room 121; and the key card did not have a room number on it. Viewing this evidence in the light most favorable to giving a mistake-of-fact instruction, a reasonable jury could conclude that Defendant believed that he had permission to enter the room that he entered. The belief element in the mistake-of-fact instruction requires that Defendant had subjective or actual knowledge of permission to enter Room 121. *See State*

*v. Brown*, 1996–NMSC–073, ¶¶ 19 (holding in a depraved-mind murder case that the defendant "must have had the *subjective or actual knowledge* of the high degree of risk involved in his conduct," that "intoxication was relevant to determining the existence of the *mens rea* element of subjective knowledge," and stating "Like mistake and mental illness, a state of intoxication may also negate a required offense element, and when raised in this context, is a failure of proof defense." (internal quotation marks and citation omitted)); *cf. State v. Ruiz*, 94 N.M. 771, 773, 617 P.2d 160, 162 (Ct.App.1980) (stating that intoxication may be shown to negate the specific intent to commit a felony or theft), *superseded by statute on other grounds as stated in Mannick v. Wakeland*, 2005–NMCA–098, 138 N.M. 113, 117 P.3d 919.

■■ {12} The defense of mistake of fact also requires the defendant's mistake to be honest and reasonable. UJI 14–5120. The issue of whether that mistake was honest and reasonable should, generally, be a question for the jury. *Cf. Bank of N.M. v. Rice*, 78 N.M. 170, 176, 429 P.2d 368, 374 (1967) (indicating that whether a party's belief was reasonable is a question for the jury); *State v. Mercer*, 2005–NMCA–023, ¶ 27, 137 N.M. 36, 106 P.3d 1283 (stating that the credibility of a witness is an issue for the jury). As such, we hold that there was sufficient evidence to submit an instruction on mistake of fact to the jury. *See State v. Bunce*, 116 N.M. 284, 289, 861 P.2d 965, 970 (1993) (holding that had the "[d]efendant offered a correct instruction on mistake of fact, the trial court [would have] erred when it failed to charge the jury with that instruction" and proceeding to hold that the defendant's mistake instruction was not a proper statement of the law, but reversing for correct jury instructions on the basis of fundamental error).

## 2. The State was Required to Prove that Defendant Knew He Lacked Permission to Enter Room 121

■■ {13} The State also argues that, even without a mistake-of-fact instruction, the jury was properly instructed because the general intent instruction sufficiently covered the mental state required to convict Defendant

of breaking and entering. If we correctly understand the State's argument, it is contending that even if there were sufficient evidence to support a mistake-of-fact instruction, such instruction was unnecessary as a matter of law because the general intent instruction was sufficient to properly instruct the jury. The general intent instruction in this case read:

> In addition to the elements of breaking and entering ..., the state must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally when he committed the crime charged. A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful. Whether the defendant acted intentionally may be inferred from all the surrounding circumstances, such as the manner in which he acts, the means used, his conduct and any statements made by him.

{14} Defendant disagrees with the State. He contends that an essential element of breaking and entering is knowledge on his part that he did not have permission to enter Room 121. Therefore, because the jury was not instructed on this essential element of breaking and entering, the district court erred when it refused his requested mistake-of-fact instruction.

{15} Mistake of fact is a defense when it negates "the existence of the mental state essential to the crime charged." *State v. Fuentes,* 91 N.M. 554, 557, 577 P.2d 452, 455 (Ct.App.1978); *see also State v. Gonzales,* 99 N.M. 734, 737, 663 P.2d 710, 713 (Ct.App.1983) (same). "[T]he trial court need not give a mistake of fact instruction where the intent element of the crime is adequately defined by the other instructions given by the trial court." *Bunce,* 116 N.M. at 287, 861 P.2d at 968. We determine the mental state required for the commission of a particular crime by looking at legislative intent. *See Santillanes v. State,* 115 N.M. 215, 218, 849 P.2d 358, 361 (1993). We then look to the jury instructions to determine whether they properly instructed on the requisite mental state. *See Bunce,* 116 N.M. at 288, 861 P.2d at 969 ("The critical inquiry is

whether the instructions as given adequately define the intent necessary to convict.").

{16} Under Section 30–14–8(A), breaking and entering "consists of the unauthorized entry of any ... dwelling or other structure, ... where entry is obtained by ... the breaking ... of any part of the ... dwelling or other structure[.]" When a statute is silent as to criminal intent, as Section 30–14–8(A) is, "it is well settled that we presume criminal intent ... unless it is clear from the statute that the legislature intended to omit the *mens rea* element." *Santillanes,* 115 N.M. at 218, 849 P.2d at 361; *accord State v. Gonzalez,* 2005–NMCA–031, ¶ 13, 137 N.M. 107, 107 P.3d 547 (same). A single statute may require proof of different mental states for different elements of the crime. *See Gonzalez,* 2005–NMCA–031, ¶¶ 22–23 (recognizing that the crime of bringing contraband into a jail had two different mental states for two different elements, intentionally bringing the item into the jail and knowledge that the item is contraband, and stating that "[k]nowledge and intent are separate, not synonymous, elements" (alteration in original) (internal quotation marks and citation omitted)). "[G]eneral intent is only the intention to make the bodily movement which constitutes the act which the crime requires." *Id.* ¶ 23 (internal quotation marks and citation omitted).

{17} As in *Gonzalez,* we believe that Section 30–14–8(A) evinces more than just one requisite intent. *See Gonzalez,* 2005–NMCA–031, ¶¶ 22–23. In the present case, there are three elements, namely, entering, doing so without permission, and entering by breaking the window. As to entering and breaking the window, those are intended physical acts, bodily movements, to which the general intent instruction clearly applies. *See id.* ¶¶ 13, 23. However, we do not see how the general intent instruction can logically apply to the fact of lack of permission to enter. Unless strict liability applies, lack of permission requires recognition of circumstances that produce a mental state of knowledge. We agree with Defendant that the mental state which accompanies the "without permission" element of breaking and entering is knowledge of the lack of permission.

*See id.* ¶¶ 18, 24 (holding that a defendant must know that an item he brings into a jail is contraband in order to be guilty and holding that the general intent instruction did not sufficiently instruct on the element of knowledge). In our view, the second mental state, namely, knowledge, is necessary with respect to the permission element of breaking and entering, and the general intent instruction did not adequately instruct the jury on that second mental state. *See id.* ¶ 24 (holding that the general intent instruction was not sufficient to properly instruct the jury where knowledge was a requisite mental state of the crime); *see also Bunce,* 116 N.M. at 288, 861 P.2d at 969 ("If ... [the underlying offense] and intent instructions do not adequately define the requisite intent, [the d]efendant was entitled to an instruction on mistake of fact.").

{18} In the present case, no instruction relating to knowledge was given to the jury. Thus, there was no instruction that properly instructed on that requisite mental state. Under the circumstances, Defendant was entitled to a mistake-of-fact instruction in order to attempt to defend by negating the mental state of knowledge that he did not have permission to enter Room 121. Thus, we hold that the district court erred when it refused Defendant's requested mistake-of-fact instruction.

**The District Court Did Not Err in Refusing Defendant's Requested Lesser-Included Offense Instruction**

█ {19} At trial Defendant also requested a jury instruction on criminal trespass with damage as a lesser-included offense of breaking and entering. The district court refused to give the tendered instruction, stating that for criminal trespass with damage "the damage does have to occur after entry is obtained. I don't think there is any evidence to support giving that instruction." Defendant argues that damage to property *after* entry is not an element of criminal trespass with damage and that the court misapprehended the law and erred in refusing to give the requested instruction.

{20} The test we employ to determine whether a defendant's requested instruction

on a lesser-included offense should be given is stated in *State v. Meadors,* 121 N.M. 38, 44, 908 P.2d 731, 737 (1995).

> [T]he trial court should grant such an instruction if (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*See also State v. Darkis,* 2000-NMCA-085, ¶¶ 14, 18, 19, 129 N.M. 547, 10 P.3d 871 (applying the *Meadors* test to a defendant's requested instruction on a lesser-included offense).

{21} The applicable criminal trespass statute, NMSA 1978, § 30-14-1(D) (1995), reads:

> Any person who enters upon the lands of another without prior permission and injures, damages or destroys any part of the realty or its improvements, including buildings, structures, trees, shrubs or other natural features, is guilty of a misdemeanor, and he shall be liable to the owner, lessee or person in lawful possession for civil damages in an amount equal to double the value of the damage to the property injured or destroyed.

For a conviction, UJI 14-1403 NMRA requires that the defendant both "entered" property "without permission" and "damaged" an improvement on the property.

> For you to find the defendant guilty of criminal trespass ..., the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant entered [the room] without permission; ...
>
> 2. The defendant [damaged] ... [the room][.]

*Id.*

{22} Defendant's requested instruction was in conformity with UJI 14-1403 and read:

For you to find the Defendant guilty of criminal trespass as charged in Count I, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The Defendant entered a motel room without permission;

2. The Defendant broke a window[.]

As stated earlier, the jury instruction on breaking and entering required the jury to find as follows:

1. The defendant entered room # 121 at Motel 6, without permission, the least intrusion constitutes an[ ] entry;

2. The entry was obtained by the breaking of a window[.]

The district court rejected Defendant's lesser-included offense instruction based on the second prong of the *Meadors* test determining, upon reading the crime to require that the damage occur after entry, that there was insufficient evidence of criminal trespass with damage.

{23} We express no opinion on whether the district court misapprehended the law, because even if we were to agree with Defendant that criminal trespass with damage does not require that the damage happen after entry onto the property, we would affirm the district court on a different ground, namely, that the third prong of the *Meadors* test is not met in this case. *See State v. Granville,* 2006–NMCA–098, ¶ 12, 140 N.M. 345, 142 P.3d 933 ("[W]e affirm if the trial court decision was right for any reason, as long as the arguments in favor of affirmance are not fact based such that it would be unfair to entertain them for the first time on appeal without notice to the appellant."), *cert. granted,* 2006–NMCERT–008, 140 N.M. 423, 143 P.3d 185.

{24} Under the third prong of the *Meadors* test, "[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Lente,* 2005–NMCA–111, ¶ 14, 138 N.M. 312, 119 P.3d 737 (alteration in original) (internal quotation marks and citation omitted). In *Lente,* this Court held that the third prong was not satisfied where the defendant requested a jury instruction on criminal sexual contact of a minor as a lesser-included offense of criminal sexual penetration of a minor. *Id.* ¶ 16. We rejected the instruction because the victim testified that the defendant had penetrated her more than fifty times, there was no ambiguity in the evidence, and if a jury believed the testimony, they would convict of penetration, not contact. *Id.* By contrast, in *Darkis,* the defendant was charged with possession of cocaine based on his possession of crack pipes with a trace amount of cocaine residue. 2000–NMCA–085, ¶¶ 2–3. The defendant requested a lesser-included offense instruction for possession of drug paraphernalia, and argued that his friend found the pipes, handed them to him, and he did not know there was any cocaine in them. *Id.* ¶¶ 4–5. In *Darkis,* this Court held that all three prongs of the *Meadors* test were met, and in particular the third prong was met because there was evidence that the defendant did not knowingly possess cocaine, and if that were true, then he could only be convicted of the lesser-included offense of possessing drug paraphernalia. *Id.* ¶¶ 18–19.

{25} As the breaking and entering instruction and the requested criminal trespass with damage instruction are written, each requires that Defendant broke a window and that he entered an area in which he did not have permission to enter. The only distinction is this: the breaking and entering instruction requires that the entry occur by the breaking of the window; whereas, the criminal trespass instruction does not specify at what point the breaking must have occurred. This distinction, however, does not permit us to conclude that the requested criminal trespass with damage instruction should be given as a lesser-included offense. The uncontroverted fact is that Defendant entered Room 121 by breaking the window. Defendant does not dispute that. This uncontroverted evidence, therefore, supports only one conclusion: that Defendant entered by breaking the window and thereby satisfied those elements of breaking and entering. Thus, if the jury were to believe those facts and convict Defendant of criminal trespass with damage, it would have also necessarily found the same facts constituted elements of breaking and entering. In *Darkis,* the distinctive element

of the greater offense "was sufficiently in dispute that a rational jury could acquit" on this charge but convict on the lesser charge, as required by the third prong of the *Meadors* test. *Darkis*, 2000–NMCA–085, ¶ 19. Therefore, this Court in *Darkis* reversed the denial of the defendant's requested instruction on the lesser charge. *See id.* In the present case, because there is no dispute concerning the distinctive element, that entry occur by breaking the window, the jury could not have rationally acquitted Defendant on the greater offense of breaking and entering. Thus, the third prong of the *Meadors* test was not satisfied. *Darkis*, 2000–NMCA–085, ¶ 16; *Meadors*, 121 N.M. at 44, 908 P.2d at 737. We hold that the district court properly refused Defendant's requested instruction on criminal trespass with damage.

## CONCLUSION

{26} We reverse and remand for a new trial based on the denial of Defendant's requested jury instruction on mistake of fact. We affirm the district court's refusal of Defendant's requested jury instruction on criminal trespass with damage.

{27} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and RODERICK T. KENNEDY, Judges.