IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: February 6, 2017

NO. 34,385

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

RAQUEL PERCIVAL,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

# OPINION

**WECHSLER, Judge.**

{1}     Defendant Raquel Percival was convicted in metropolitan court for aggravated driving while under the influence of intoxicating liquor or drugs (aggravated DWI), contrary to NMSA 1978, Section 66-8-102 (2010, amended 2016), and careless driving, contrary to NMSA 1978, Section 66-8-114 (1978). She appealed to the district court and that court affirmed her convictions. As a basis for her appeal to this Court, Defendant argues, as she did in the district court, that the metropolitan court incompletely instructed the jury with respect to her duress defense. Defendant also argues that the metropolitan court's misreading of an instruction during its oral charge to the jury constituted fundamental error. We conclude that the jury instructions as given did not constitute either reversible or fundamental error. We therefore affirm Defendant's convictions.

## BACKGROUND

{2}     On February 16, 2012, at approximately 2:45 a.m., Albuquerque Police Department (APD) Officer Nicholas Sheill observed Defendant driving erratically on Eubank Boulevard in Albuquerque, New Mexico. He also observed that Defendant's license plate lamp was not functioning. He followed Defendant's vehicle for a short time and then conducted a traffic stop.

{3} After approaching Defendant's vehicle, Officer Sheill noted an odor of alcohol emanating from her person. He also observed that Defendant had bloodshot eyes and mildly slurred speech. Officer Sheill called for assistance, and APD Officer Charles Miller arrived to conduct a DWI investigation. As a result of this investigation, Officer Miller placed Defendant under arrest for aggravated DWI. She was also charged with careless driving and an equipment violation.

{4} At trial, Defendant did not deny that she was guilty of the charged offenses but instead claimed that certain circumstances required her to drive in violation of the law. Specifically, Defendant testified that: (1) she was visiting a male friend and that she planned to spend the night at his apartment; (2) she consumed alcohol at the apartment; (3) after she consumed alcohol, her friend invited another man to the apartment; (4) this person's behavior and comments made her feel uncomfortable and unsafe; and (5) fearing for her safety, she left the house while the two men were in the backyard. Officer Sheill stopped Defendant shortly after she left her friend's apartment.

{5} Defendant tendered jury instructions that imbedded the absence of duress as an essential element of aggravated DWI and careless driving. The metropolitan court refused Defendant's tendered instructions and instead gave, among others, UJI 14-4506 NMRA, UJI 14-4505 NMRA, and UJI 14-5130 NMRA.

{6} During its oral charge to the jury, the metropolitan court read each jury instruction. While reading UJI 14-5130, the metropolitan court misspoke; the result was an incorrect articulation of the State's burden of proof. Defendant did not object to this incorrect recitation of the instruction.

{7} Defendant was convicted on all charges. After the district court affirmed the convictions, Defendant filed this appeal.

**STANDARD OF REVIEW AND PRESERVATION**

{8} Appellate courts review a trial court's rejection of proposed jury instructions de novo, "because [the rejection] is closer to a determination of law than a determination of fact." *State v. Ellis*, 2008-NMSC-032, ¶ 14, 144 N.M. 253, 186 P.3d 245 (internal quotation marks and citation omitted). If the alleged error has been preserved, we review for reversible error. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. If the alleged error has not been preserved, we review for fundamental error. *Id.* An allegation of error is generally preserved by "[t]he tender but refusal of an instruction[.]" *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 40, 134 N.M. 77, 73 P.3d 215. "A jury instruction which does not instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury is reversible error." *Ellis*, 2008-NMSC-032, ¶ 14 (internal quotation marks and citation omitted). Reversible error also occurs "if the jury is given two contradictory

instructions, each of which is complete and unambiguous, . . . because it is impossible to tell if the error is cured by the correct instruction[.]" *State v. Parish*, 1994-NMSC-073, ¶ 4, 118 N.M. 39, 878 P.2d 988.

{9}     Defendant tendered alternate jury instructions that the metropolitan court rejected. Defendant additionally argued that the uniform jury instructions, without modification, could result in juror confusion. Because Defendant sufficiently preserved this issue, we review for reversible error. With respect to the remaining and unpreserved issue raised by Defendant on appeal, we review for fundamental error. *See Benally*, 2001-NMSC-033, ¶ 16 ("[U]npreserved error in jury instructions is 'fundamental' when it remains uncorrected, thereby allowing juror confusion to persist.").

**UNIFORM JURY INSTRUCTION 14-5130**

{10}     UJI 14-5130 instructs on the issue of duress, stating,

> Evidence has been presented that the defendant was forced to _____ under threats. If the defendant feared immediate great bodily harm to himself or another person if he did not commit the crime and if a reasonable person would have acted in the same way under the circumstances, you must find the defendant not guilty.
>
> The burden is on the state to prove beyond a reasonable doubt that the defendant did not act under such reasonable fear.

(Footnote omitted.) In 1996, our Supreme Court amended the use notes accompanying various justification-related uniform jury instructions to require that

4

the absence of the relevant consideration be added as an essential element. *See* Supreme Court Order No. 96-8300 (Oct. 30, 1996) (amending the use notes to UJI 14-5101 to -5103 NMRA, UJI 14-5106 NMRA, UJI 14-5110 to -5111 NMRA, UJI 14-5120 NMRA, UJI 14-5132 NMRA, UJI 14-5170 to -5174 NMRA, UJI 14-5180 to -5184 NMRA). However, the use note accompanying UJI 14-5130 was not amended at that time and does not require that the metropolitan court add the absence of duress as an essential element of the charged offense. *Contra, e.g.*, UJI 14-5181 Use Note 1 ("If this instruction is given, add to the essential elements instruction for the offense charged, 'The defendant did not act in self defense.' ").

{11}    An analytical distinction exists between duress and other justification-based defenses. *Compare State v. Rios*, 1999-NMCA-069, ¶ 12, 127 N.M. 334, 980 P.2d 1068 ("A defendant pleading duress is *not* attempting to disprove a requisite mental state. Defendants in that context are instead attempting to show that they ought to be excused from criminal liability because of the circumstances surrounding their intentional act." (citation omitted)), *with State v. Armijo*, 1999-NMCA-087, ¶ 14, 127 N.M. 594, 985 P.2d 764 ("[A] claim of self defense negates the element of unlawfulness[.]"), *and State v. Contreras*, 2007-NMCA-119, ¶ 15, 142 N.M. 518, 167 P.3d 966 ("Mistake of fact is a defense when it negates the existence of the mental state essential to the crime charged." (internal quotation marks and citation omitted)),

5

*and State v. Brown*, 1996-NMSC-073, ¶ 21, 122 N.M. 724, 931 P.2d 69 ("Like mistake and mental illness, a state of intoxication may also negate a required offense element[.]"). This distinction—that duress excuses intentional conduct while the other justification-based defenses negate an essential element of the charged offense—supports the omission of UJI 14-5130 from Order No. 96-8300.[1] As a result, the metropolitan court did not err in refusing Defendant's tendered instructions unless the instructions given by the metropolitan court failed to "instruct the jury upon all questions of law essential for a conviction[,]" *Ellis*, 2008-NMSC-032, ¶ 14, or were facially erroneous, vague, or contradictory. *Parish*, 1994-NMSC-073, ¶ 4.

**INTERPLAY BETWEEN THE CHARGED OFFENSES AND DURESS**

**Essential Elements**

{12}     To secure a conviction, the state must prove each of the essential elements of the charged offense. *State v. Osborne*, 1991-NMSC-032, ¶ 40, 111 N.M. 654, 808 P.2d 624. "When the jury is not instructed on the essential elements of the crime, it has not been instructed on the law applicable to the crime charged." *State v. Kendall*, 1977-NMCA-002, ¶ 24, 90 N.M. 236, 561 P.2d 935, *judgment reversed in part by*

---

[1]We are uncertain as to the rationale underlying the decision to include UJI 14-5132, which addresses a defendant's claim that the defendant escaped from prison as a result of duress, in Order No. 96-8300. We leave this question to our Supreme Court.

6

*Kendall v. State*, 1977-NMSC-015, 90 N.M. 191, 561 P.2d 464. The failure to instruct on all questions of law is reversible error. *Ellis*, 2008-NMSC-032, ¶ 14.

{13}     Defendant argues that the metropolitan court's refusal to add the absence of duress as an essential element to the charged offenses amounts to a failure to instruct on all essential elements. The charges against Defendant included aggravated DWI and careless driving. In support of her argument, Defendant cites *Parish* for the proposition that "her duress claim put the element of unlawfulness factually at issue[.]"

{14}     In *Parish*, the defendant was attacked by several people while walking in Taos, New Mexico. 1994-NMSC-073, ¶ 2. In response to this attack, the defendant shot and killed one of his attackers. *Id.* The defendant claimed that his actions were in self-defense, but the jury convicted him of voluntary manslaughter. *Id.* ¶ 3.

{15}     The relevant statute defined "voluntary manslaughter" as "the *unlawful* killing of a human being without malice . . . upon a sudden quarrel or in the heat of passion." *Id.* ¶ 5 (omission in original); NMSA 1978, § 30-2-3 (1994). However, the jury instructions given by the district court did not instruct on the question of unlawfulness, which is "the element of [the charged offense] that is negated by self-defense." *Parish*, 1994-NMSC-073, ¶ 8. Because the instructions did not instruct the jury on an essential element of the charged offense, they were erroneous. *Id.* ¶ 13.

7

*Parish*, however, does not analyze a duress defense and is therefore distinguishable from the present case.

{16}     Our Supreme Court has adopted uniform jury instructions for both aggravated DWI and careless driving. UJI 14-4506; UJI 14-4505. These jury instructions outline the essential elements of each charge.

    1.     The defendant operated a motor vehicle;

    2.     Within three hours of driving, the defendant had an alcohol concentration of sixteen one-hundredths (.16) grams or more in [one hundred milliliters of blood;] [or] [two hundred ten liters of breath;] and the alcohol concentration resulted from alcohol consumed before or while driving the vehicle.

    3.     This happened in New Mexico, on or about the ___ day of _____, ___.

UJI 14-4506 (footnotes omitted).

    1.     The defendant operated a motor vehicle on a highway;

    2.     The defendant operated the motor vehicle in a careless, inattentive or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather, road conditions and all other attendant circumstances;

    3.     This happened in New Mexico, on or about the ____ day of _____, ____.

UJI 14-4505 (footnotes omitted). The metropolitan court gave UJI 14-4506 and UJI 14-4505 in this case. A conviction for careless driving requires a finding of intent. *See* UJI 14-141 Use Note 1 ("This instruction must be used with every crime except

8

for the relatively few crimes not requiring criminal intent or those crimes in which the intent is specified in the statute or instruction."). Therefore, UJI 14-4505 must be accompanied by UJI 14-141, which defines "general criminal intent." It is this general criminal intent that is negated by certain justification-based defenses. *See, e.g*, *State v. Gonzales*, 1971-NMCA-007, ¶ 25, 82 N.M. 388, 482 P.2d 252 ("Intoxication may be shown to negative the existence of the required intent."). As a strict liability crime, aggravated DWI does not require criminal intent. *State v. Gurule*, 2011-NMCA-042, ¶ 18, 149 N.M. 599, 252 P.3d 823.

{17}     As discussed above, duress and the other justification-based defenses are not functionally equivalent.[2] Duress does not negate an element of the charged offense but instead excuses intentional conduct. *Rios*, 1999-NMCA-069, ¶ 12. For this reason, including additional language addressing the absence of duress within UJI 14-4506 or UJI 14-4505 would not negate any of the essential elements required for a conviction of either offense, or the general criminal intent required for a conviction of careless driving. This rationale encompasses the element of unlawfulness raised by Defendant on appeal. Therefore, UJI 14-4506 and UJI 14-4505 as given sufficiently "instruct[ed] the jury upon all questions of law essential for a

---

[2]Defendant's brief in chief and reply brief liken self-defense and duress by misquoting *Rios*, 1999-NMCA-069, ¶ 12. *Rios* does not equate self-defense and duress as implied by Defendant.

9

conviction[,]" when given in conjunction with UJI 14-5130. *Ellis*, 2008-NMSC-032, ¶ 14.

**Facially Erroneous, Vague, or Contradictory Jury Instructions**

{18} Because the instructions given instructed on all questions of law, they constitute reversible error only if they are facially erroneous, vague, or contradictory. *Parish*, 1994-NMSC-073, ¶ 4. A jury instruction is facially erroneous if it presents an incurable problem. *State v. Cabezuela*, 2011-NMSC-041, ¶ 21, 150 N.M. 654, 265 P.3d 705; *Parish*, 1994-NMSC-073, ¶ 4. A jury instruction is vague, or ambiguous, if it is subject to more than one interpretation. *Parish*, 1994-NMSC-073, ¶ 4. None of these conditions applies to the uniform jury instructions given in this case. Contradictory jury instructions constitute reversible error if each instruction "is complete and unambiguous . . . because it is impossible to tell if the error is cured by the correct instruction[,]" or if "a reasonable juror would have been confused or misdirected." *Id.* However, in determining whether jury instructions are contradictory, the "instructions must be considered as a whole[.]" *Id.* (internal quotation marks and citation omitted).

{19} UJI 14-4506 and UJI 14-4505 as given outline the essential elements required to convict Defendant of aggravated DWI and careless driving respectively. UJI 14-5130 as given outlines conditions under which Defendant's duress defense would (1)

10

excuse her conduct and (2) require a finding of not guilty. *See* UJI 14-5130 ("If the defendant feared immediate great bodily harm to himself or another person if he did not commit the crime and if a reasonable person would have acted in the same way under the circumstances, you must find the defendant not guilty."). Intuitively, jurors need not consider a duress defense if they find that the state did not prove all of the elements of the underlying offenses beyond a reasonable doubt. *Cf. State v. James*, 1971-NMCA-156, ¶ 18, 83 N.M. 263, 490 P.2d 1236 (noting that an outright finding of not guilty by a jury negates the jury's need to analyze the defendant's insanity defense), *overruled in part by State v. Victorian*, 1973-NMSC-008, ¶ 12, 84 N.M. 491, 505 P.2d 436.

{20}    For this reason, UJI 14-5130 does not contradict either UJI 14-4506 or UJI 14-4505. Instead, UJI 14-5130 is a necessary and complementary second step if a jury concludes that a defendant is guilty beyond a reasonable doubt of each essential element outlined in UJI 14-4506 or UJI 14-4505. This two-step process would not confuse a reasonable juror.

{21}    In both her brief in chief and reply brief, Defendant makes reference to our Supreme Court's holding in *Parish*, which provides that "an erroneous instruction cannot be cured by a subsequent correct one[.]" 1994-NMSC-073, ¶ 4 (internal quotation marks and citation omitted). This rule requires, of course, that the

instruction at issue actually be erroneous as a matter of law. Because the instructions given in this case are not facially erroneous, vague, or contradictory, they do not constitute reversible error.

**ORAL CHARGE TO JURY**

{22}     Defendant additionally argues that the metropolitan court's misreading of UJI 14-5130 in its oral charge to the jury constitutes fundamental error. "[U]npreserved error in jury instructions is 'fundamental' [only] when it remains uncorrected[.]" *Benally*, 2001-NMSC-033, ¶ 16.

{23}     The metropolitan court read each instruction aloud to the jury. While doing so, it misspoke, stating "[t]he burden is on the state to prove beyond a reasonable doubt that the defendant *acted* under such reasonable fear" instead of "[t]he burden is on the state to prove beyond a reasonable doubt that the defendant *did not act* under such reasonable fear." UJI 14-5130 (emphasis added). This misstatement could result in juror confusion as to the State's burden of proof.

{24}     However, our review of the record leads us to believe that this error was corrected by the correct articulation of the State's burden in the written jury instructions. As noted by the metropolitan court prior to its oral recitation of the instructions to the jury, "You do not have to take notes on this, because this packet

12

that I'm going to read from will actually be given to you to take back to the jury room."

{25} In *State v. Armendarez*, 1992-NMSC-012, ¶ 11, 113 N.M. 335, 825 P.2d 1245, the prosecutor erroneously recited the mens rea requirement in a first degree murder case. The defendant did not object at trial but argued fundamental error on appeal. *Id.* Our Supreme Court held that the written copies of jury instructions were sufficient to overcome any potential prejudice caused by the prosecutor's misstatement and noted that jurors are presumed to follow the written instructions. *Id.* ¶ 13; *see State v. Smith*, 2001-NMSC-004, ¶ 40, 130 N.M. 117, 19 P.3d 254 ("Juries are presumed to have followed the written instructions.").

{26} In a different context, this Court recently held that "the purpose of written jury instructions relates directly to the [limited] ability of jurors to remember oral instructions once they have retired to the jury room." *State v. Ortiz-Castillo*, 2016-NMCA-045, ¶ 12, 370 P.3d 797. This purpose is consistent with other New Mexico cases requiring that written jury instructions be provided in order to "properly enunciate the law on the subject." *Territory v. Lopez*, 1884-NMSC-012, ¶ 10, 3 N.M. 156, 2 P. 364; *see State v. Greenlee*, 1928-NMSC-020, ¶ 27, 33 N.M. 449, 269 P. 331 ("Since 1880 it has evidently been the legislative policy that there should be an

authoritative record to which the jurors might refer to avoid misapprehension or differences of opinion[.]").

{27} The metropolitan court's written instruction on duress, which was available during the jury's deliberations, correctly articulated the State's burden with respect to Defendant's claim of duress. We thus conclude that the metropolitan court's misstatement did not go "uncorrected" such that fundamental error occurred. *Benally*, 2001-NMSC-033, ¶ 16; *see, e.g.*, *People v. Prieto*, 66 P.3d 1123, 1142 (Cal. 2003) ("[T]he misreading of a jury instruction does not warrant reversal if the jury received the correct written instructions.").

**CONCLUSION**

{28} For the foregoing reasons, we affirm.

{29} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**

14