This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40572**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**KAYLA MARIE SOLOMAN a/k/a**
**KAYLA SOLOMAN,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Benjamin Cross, District Court Judge**

Raúl Torrez, Attorney General
Lee Green, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Defendant Kayla Soloman appeals her felony conviction for tampering with evidence, contrary to NMSA 1978, Section 30-22-5(B)(2) (2003). On appeal, Defendant argues that the district court erred by (1) denying her request for a jury instruction on attempt as a lesser included offense of tampering with evidence; and (2) denying her request for sanctions against the State pursuant to *State v. Chouinard*, 1981-NMSC-096, 96 N.M. 658, 634 P.2d 680. For the reasons that follow, we conclude that

Defendant was entitled to have the jury instructed on attempted tampering as a lesser included offense and reverse and remand her conviction for tampering with evidence. We address Defendant's remaining argument to the extent necessary to avoid error upon retrial.

## DISCUSSION

### I. Lesser Included Offense Jury Instruction

**{2}** First, Defendant asserts that the district court erred in denying her request for a jury instruction on attempted tampering as a lesser included offense of tampering with evidence. "We review the propriety of a district court's refusal to instruct on a lesser[ ]included offense under a de novo standard." *State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. "[W]e . . . review the evidence presented in the light most favorable to the giving of the requested instruction." *State v. Henley*, 2010-NMSC-039, ¶ 25, 148 N.M. 359, 237 P.3d 103 (internal quotation marks and citation omitted).

**{3}** When a defendant requests a lesser included offense instruction, we use the cognate approach endorsed by our Supreme Court in *State v. Meadors*, 1995-NMSC-073, 121 N.M. 38, 908 P.2d 731.[1] *See State v. Darkis*, 2000-NMCA-085, ¶ 14, 129 N.M. 547, 10 P.3d 871 (applying the *Meadors* test to a defendant's request for a lesser included offense instruction). Under the cognate approach, a party is entitled to a lesser included offense instruction if:

> (1) the defendant could not have committed the greater offense in the manner described in the charging document [and supported by the evidence] without also committing the lesser offense . . . ; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Meadors*, 1995-NMSC-073, ¶ 12. All three prongs of the cognate approach must be satisfied to entitle a party to a lesser included offense instruction. *See, e.g.*, *State v. Contreras*, 2007-NMCA-119, ¶ 23, 142 N.M. 518, 167 P.3d 966 (affirming the district court's refusal to grant the defendant's request for a lesser included offense instruction

---

1It appears there are two substantially similar tests this Court uses to assess whether a party is entitled to a lesser included offense instruction. See Meadors, 1995-NMSC-073,¶ 12; see also State v. Jernigan, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537 ("Failure to instruct the jury on a lesser included offense of a charged offense is reversible error if: (1) 'the lesser offense is included in the greater, charged offense; (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed; and (3) the defendant has tendered appropriate instructions preserving the issue.'" (quoting State v. Hill, 2001-NMCA-094, ¶ 16, 131 N.M. 195, 34 P.3d 139)). It is not clear from the case law when one test might apply instead of the other.

Here, Defendant relies on the test as set forth in Meadors. The State does not rely on either test. As both tests are substantially similar for purposes of our analysis, and our holding remains the same under either test, we proceed in our analysis using the Meadors test as relied on by Defendant.

because the defendant failed to establish the third prong of the *Meadors* cognate approach). We discuss each prong in turn.

**{4}** Under the first *Meadors* prong, we conclude that Defendant could not have tampered with evidence without also attempting to tamper with evidence. A person tampers with evidence by (1) "destroying, changing, hiding, placing or fabricating any physical evidence[,]" (2) "with intent to prevent the apprehension, prosecution or conviction of any person[,] or to throw suspicion of the commission of a crime upon another." Section 30-22-5(A). Attempt "consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." NMSA 1978, § 30-28-1 (1963, amended 2024). Here, the State's theory of the case was simple: Defendant tampered with evidence by placing the bottle in her vagina with the intent to use the yellow liquid inside to prevent prosecution for a probation violation. While the State briefly argues that Defendant's actions could not constitute attempted tampering because the crime of tampering was completed once Defendant hid the bottle, under the theory of the State's case, Defendant could not have tampered with evidence without also making an overt act in furtherance of that tampering (or, without attempting to tamper). Thus, we conclude that the first *Meadors* prong is satisfied.

**{5}** Second, we conclude that there was sufficient evidence presented at trial to support a conviction for attempted tampering. "Attempted tampering with evidence requires the accused to take a substantial step toward 'destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.'" *State v. Telles*, 2019-NMCA-039, ¶ 28, 446 P.3d 1194 (quoting Section 30-22-5(A)). We apply the following principle when called upon to review the sufficiency of evidence in attempt convictions:

> In order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime. The act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory, and it need not be the last proximate act to the consummation of the offense attempted to be perpetrated. However, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparation or solicitation is made. Slight acts done in furtherance of that design will constitute an attempt. No definite rule can be laid down by which an act might be characterized as overt in any particular case. The general principle of law concerning attempts must be applied in each case as nearly as it can with a view to substantial justice.

*State v. Lopez*, 1969-NMCA-115, ¶ 3, 81 N.M. 107, 464 P.2d 23 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Ruffins*, 1990-NMSC-035, ¶ 17, 109 N.M. 668, 789 P.2d 616.

**{6}** In this case, the probation officer testified that Defendant, after struggling to provide a urine sample, admitted that she was attempting to tamper with the sample. Defendant then removed a small bottle from her vagina containing a yellow liquid. The opening of the bottle was covered with a piece of foil that appeared to have been pierced. After removing the bottle, Defendant urinated into a cup and provided the sample of her own urine for testing.

**{7}** We conclude that Defendant's act of placing a bottle containing yellow liquid in her vagina and reporting to the probation office, where she was supposed to provide a urine sample for drug testing, may be an "overt act" beyond mere preparation for purposes of attempt. Further, we conclude that the probation officer's testimony is sufficient to support a conviction for attempted tampering. *See State v. Verdugo*, 2007-NMCA-095, ¶ 29, 142 N.M. 267, 164 P.3d 966 (holding that there was sufficient evidence to convict the defendant of attempt to commit unauthorized use of an ATM card when the defendant admitted that he tried to use the ATM card "but the machine ate it"). Thus, the second *Meadors* prong is met.

**{8}** Finally, we turn to the third *Meadors* prong, which requires that "(1) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that (2) a jury rationally could acquit on the greater offense and convict on the lesser." *State v. Sotelo*, 2013-NMCA-028, ¶ 14, 296 P.3d 1232 (alteration, internal quotation marks, and citation omitted). Here, under the State's theory of the case, the difference between attempted tampering and tampering is whether placing a bottle containing yellow liquid in Defendant's vagina was an "overt act in furtherance of" fabricating physical evidence, *see* Section 30-28-1, or was purely an act of "fabricating . . . physical evidence," *see* Section 30-22-5(A). At trial, the probation officer testified on cross-examination that Defendant did not put the bottle's yellow substance into the sample cup provided by the probation office. Instead, Defendant removed the bottle from her vagina and produced a sample of her own urine for testing. The urine sample that Defendant provided to the probation office had only Defendant's urine in it. Additionally, during closing arguments, Defendant explicitly argued that the State had failed to prove that she tampered with physical evidence of a probation violation. We conclude that this was sufficient evidence for a rational jury to acquit Defendant of tampering, but convict her of attempted tampering. Whether a defendant's actions constitute an act of tampering or an overt act in furtherance of a felony (attempt) is a fact-dependent inquiry for the fact-finder to resolve. *See Lopez*, 1969-NMCA-115, ¶ 3. A rational jury could have concluded that Defendant completed an overt act in furtherance of tampering (attempt) without actually fabricating evidence of a probation violation (tampering) by placing a bottle containing yellow liquid in her vagina. Therefore, the third *Meadors* prong is also met.

**{9}** Thus, because all three *Meadors* prongs are satisfied, we conclude the district court erred in denying Defendant's requested jury instruction. Accordingly, we reverse Defendant's conviction and remand for a new trial. *See Darkis*, 2000-NMCA-085, ¶ 12 (affording this remedy).

## II.     Preservation of Evidence

**{10}** Next, Defendant challenges the district court's denial of her motion to dismiss as a sanction against the State for its failure to preserve evidence. "We review a district court's remedy for lost or destroyed evidence for an abuse of discretion." *State v. Redd*, 2013-NMCA-089, ¶ 18, 308 P.3d 1000.

**{11}** Our Supreme Court set forth a three-part test to determine the admissibility of evidence that was collected at the crime scene but was later lost, destroyed, or inadequately preserved in *Chouinard*, 1981-NMSC-096. Under the *Chouinard* test, courts consider whether (1) the state breached a duty or intentionally deprived the defendant of evidence; (2) the lost or destroyed evidence is material; and (3) the defendant was prejudiced. *Id.* ¶ 16. "When evidence is lost in a way that does not involve bad faith, the defendant bears the burden of showing materiality and prejudice before sanctions are appropriate." *State v. Pacheco*, 2008-NMCA-131, ¶ 30, 145 N.M. 40, 193 P.3d 587.

**{12}** In *State v. Ware*, our Supreme Court clarified that the *Chouinard* test is inapplicable "in cases where the [s]tate fails to gather physical evidence during the investigation of a crime scene." 1994-NMSC-091, ¶ 11, 118 N.M. 319, 881 P.2d 679. Instead, the Court "adopt[ed] a two-part test for deciding whether to sanction the [s]tate when police fail to gather evidence from the crime scene." *Id.* ¶ 25. First, the court must determine whether the evidence that police failed to gather from the crime scene is material. *Id.* Second, if the evidence is material, then the court considers the conduct of the investigating officer to determine if the failure to collect the evidence was done out of bad faith, gross negligence, or mere negligence. *Id.* ¶ 26. The district court may grant sanctions based on its determination of the officer's level of culpability. *Id.*

**{13}** On appeal, Defendant asserts that the district court abused its discretion by applying *Ware*, rather than *Chouinard*, in ruling on Defendant's motion to dismiss. *See Pacheco*, 2008-NMCA-131, ¶ 34 ("A district court abuses its discretion when it misapplies or misapprehends the law."). Specifically, Defendant argues that *Chouinard* applies because the police collected the bottle containing the yellow liquid at the scene, but later discarded it. Upon review of the record, Defendant relied on *Chouinard* in her pretrial motion to dismiss and then relied on *Ware* when requesting a limiting jury instruction regarding the State's handling of the bottle. It is unclear whether the district court relied on *Ware* or *Chouinard* in its ruling on Defendant's motion to dismiss or in its ruling regarding the propriety of a limiting instruction. Regardless, under both *Ware* and *Chouinard*, evidence must be material for the district court to sanction the state for the police's failure to collect or preserve evidence. *See Ware*, 1994-NMSC-091, ¶ 25 ("Sanctions are not appropriate for failure to gather evidence immaterial to the defendant's defense."); *Chouinard*, 1981-NMSC-096, ¶ 16 ("The improperly [preserved] evidence must have been material." (internal quotation marks and citation omitted)). Here, Defendant failed to establish the materiality of the lost evidence and therefore we conclude that the district court properly denied Defendant's motion to dismiss.

**{14}** "Evidence is material only if there is a reasonable probability that, had the evidence been available to the defense, the result of the proceeding would have been

different." *Ware*, 1994-NMSC-091, ¶ 25 (alteration, internal quotation marks, and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citations omitted). The materiality of evidence is a question of law that we review de novo. *Id.*

{15} In this case, Defendant argues that the contents of the bottle were material to her defense because, without proving that the bottle contained untainted urine, the State could not prove that Defendant collected an untainted urine sample with the intent to falsify the test results. However, Defendant misunderstands the elements of tampering with evidence. Our Supreme Court has clarified that "[t]he tampering statute does not require proof of any result beyond . . . the act of tampering." *State v. Jackson*, 2010-NMSC-032, ¶ 11, 148 N.M. 452, 237 P.3d 754, *overruled on other grounds by State v. Radosevich*, 2018-NMSC-028, ¶ 2, 419 P.3d 176. "[T]he identity of the substance [is] not an element of the crime [of tampering]." *State v. McClennen*, 2008-NMCA-130, ¶ 14, 144 N.M. 878, 192 P.3d 1255 (stating that the defendant's act of destroying the substance at issue before it was tested was sufficient to sustain a conviction of tampering because it prevented the evidence from being tested in the first instance), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.8, 275 P.3d 110. We conclude that, in this case, the substance in the bottle is immaterial because the use of any liquid that was not a present sample of Defendant's urine, regardless of its identity, would have interfered with the urine test and the probation officer's ability to determine if Defendant violated her probation. The State was not required to prove that the liquid in the bottle was a sample of untampered urine. Therefore, the district court did not err in denying Defendant's motion to suppress under either *Ware* or *Chouinard*.

## III.    Cumulative Error

{16} Lastly, Defendant argues that the errors raised on appeal constitute cumulative error sufficient to overturn her conviction. However, because we vacate Defendant's conviction and remand for a new trial based on the failure to give a lesser included offense instruction, we need not address this issue. *See State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (stating that reviewing courts will generally not decide questions "when there is no actual controversy and when no actual relief can be granted to the appellant" (internal quotation marks and citation omitted)).

## CONCLUSION

{17} For the foregoing reasons, we reverse Defendant's conviction for tampering with evidence and remand for a new trial.

{18}    IT IS SO ORDERED.

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**